# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 04-1215

**SAMUEL ALEXANDER, ET AL.**

**VERSUS**

**THIOKOL CORPORATION, ET AL.**

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF IBERIA, NO. 91,528,
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE

************

**MICHAEL G. SULLIVAN**
**JUDGE**

************

Court composed of John D. Saunders, Marc T. Amy, and Michael G. Sullivan, Judges.

**REVERSED AND REMANDED.**

**C. Luke Edwards**
**Attorney at Law**
**Post Office Box 3483**
**Lafayette, Louisiana 70502**
**(337) 233-9995**
**Counsel for Plaintiffs/Appellants:**
    **Samuel Alexander, et al.**

**Patrick J. Hanna**
**Rabalais, Hanna & Hebert, LLC**
**701 Robley Drive, Suite 210**
**Lafayette, Louisiana 70503**
**(337) 981-0309**
**Counsel for Defendants/Appellees:**
    **Nelson P. Stelly**
    **Sidney Martin**
    **Vernon L. Langlinais**

**Scott R. Bickford**
**Martzell & Bickford**
**338 Lafayette Street**
**New Orleans, Louisiana  70130**
**(504) 581-9065**
**Counsel for Plaintiffs:**
> **Joseph Davis, et al.**

**Edward P. Landry**
**Landry & Watkins**
**Post Office Drawer 12040**
**New Iberia, Louisiana   70562-2040**
**(337) 364-7626**
**Counsel for Defendant:**
> **Continental Casualty Company**

**Stephen Porter Hall**
**Phelps Dunbar, L.L.P.**
**365 Canal Street, Suite 2000**
**New Orleans, Louisiana  70130-6534**
**(504) 566-1311**
**Counsel for Defendant:**
> **Certain Underwriters at Lloyd's London**

**Richard M. Simses**
**Abbott, Simses, etc.**
**1360 Post Oak Blvd.,  #1700**
**Houston, Texas   77056**
**(713) 627-9393**
**Counsel for Defendant:**
> **The Home Insurance Company**

**Scott C. Seiler**
**Liskow & Lewis**
**701 Poydras Street, Suite 5000**
**New Orleans, Louisiana   70139-5099**
**(504) 581-7979**
**Counsel for Defendants:**
> **Morton Salt Company**
> **Morton Thiokol**
> **Morton Chemical Company**

**Gordon P. Wilson**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
**601 Poydras Street, Suite 2775**
**New Orleans, Louisiana  70130**
**(504) 568-1990**
**Counsel for Defendant:**
> **Travelers Casualty & Surety Company**

**Kyle P. Polozola**
**Liskow & Lewis**
**Post Office Box 52008**
**Lafayette, Louisiana  70505**
**(337) 232-7424**
**Counsel for Defendants:**
      **Morton Thiokol**
      **Morton Salt Company**
      **Morton Chemical Company**

SULLIVAN, Judge.

The issue presented by this appeal is whether Plaintiffs' suit against their employer for injuries sustained from exposure to asbestos and silica interrupted prescription for similar claims made against the employer's executive officers, who were added as Defendants over three years after the filing of the original suit. The trial court sustained the executive officers' exception of prescription, and Plaintiffs have appealed. For the following reasons, we reverse and remand.

## Procedural Background

On July 9, 1999, numerous Plaintiffs filed suit against Thiokol Corporation (Thiokol), individually and as successor to various Morton-owned companies, and Lloyd's of London (Lloyd's), as the alleged insurer of Thiokol and its unnamed executive officers who were not sued. Lloyd's was subsequently dismissed upon discovery that it did not provide coverage as alleged. On July 8, 2000, the attorney who originally filed suit, Luke Edwards, withdrew as counsel of record for a number of Plaintiffs, who were later represented by the firm of Martzell and Bickford. Both sets of Plaintiffs then filed supplemental and amending petitions naming the executive officers and their alleged insurers, with the Edwards Plaintiffs filing on August 9, 2002, and Martzell Plaintiffs filing on September 13, 2002. On August 4, 2003, the executive officers filed the peremptory exception of prescription at issue in this appeal. That exception concerns only the Edwards Plaintiffs.

On August 20, 2003, the trial court signed a judgment dismissing the claims of both the Martzell and Edwards Plaintiffs against Thiokol on an exception of no

cause of action, finding that their exclusive remedy was in workers' compensation.[1] However, this court reversed that judgment in *Alexander v. Thiokol Corp.*, 04-625 (La.App. 3 Cir. 11/10/04), 887 So.2d 685, after concluding that further information was needed to make that determination. Also on August 20, 2003, the trial court granted the executive officers' exception of prescription.

**Discussion**

On appeal, Plaintiffs argue that their negligence action against Thiokol was brought in the proper court and that the executive officers are solidarily liable with Thiokol based upon the supreme court's definition of that principle in *Williams v. Sewerage & Water Board of New Orleans*, 611 So.2d 1383 (La.1993). Alternatively, if their cause of action is found to be only for workers' compensation benefits, then Plaintiffs argue that their suit, which was filed in district court rather than in the Office of Workers' Compensation, nonetheless interrupted prescription because one solidary obligor, Thiokol, was timely served with process. Plaintiffs also argue that their amending petition adding the executive officers and their alleged insurers relates back to the filing of the original petition under La.Code Civ.P. art. 1153.

In *Richard v. Jefferson Davis Nursing Home*, 02-527, p. 5 (La.App. 3 Cir. 10/30/02), 829 So.2d 1152, 1155 (quoting *Lewing v. Sabine Parish Police Jury*, 95-630, p. 3 (La.App. 3 Cir. 11/2/95), 664 So.2d 598, 599-600), we stated:

> The burden of proof is normally on the party pleading prescription. If on the face of the petition it appears that prescription has run, the burden shifts to the plaintiff to prove a suspension or interruption of the prescription. If the plaintiff's basis for claiming

---

[1]In that judgment, the Martzell Plaintiffs are identified as Joseph Davis, Danny Dupre, Lawrence Galentine, and John Thibeaux, and the Edwards Plaintiffs are identified as Harold Antoine, Lawrence Chennette, Roland Comeaux, Alvin Crosby, Sr., Joyce Gibson, Lester Johnson, Brian Jones, Frank Laskowski, Charles Loston, Sherry Matthews, Ephram Mitchell, Laura Fay Nicholas, and Joseph Prince.

interruption of prescription is solidary liability between two or more parties, then the plaintiff bears the burden of proving that solidary relationship.

Where plaintiff's allegations in the petition and amending petition have not been controverted at a hearing on the exception of prescription, the court must look to the petition to see whether plaintiff has carried the burden of proof showing that prescription was interrupted on the basis of solidary liability between the parties, and the test is whether the alleged facts, if accepted as true, are sufficient on their face to establish that the timely sued defendant and untimely sued defendants are solidarily liable.

In granting the executive officers' exception of prescription, the trial court found that there can be no solidarity between the officers and the employer "because there is no viable cause of action under Louisiana law for asbestos claims against an employer such as Thiokol." The trial court further stated: "The executive officers cannot be solidarily liable with the employer for such claims since such claims do not exist against an employer." The trial court also found that, even if solidarity existed, the suit was filed in a court of incompetent jurisdiction, and therefore, only interrupted prescription against the Defendant served, the employer, under La.Civ.Code art. 3462.

In granting this exception, the trial court relied heavily on its earlier dismissal of Thiokol on the grounds that Plaintiffs failed to state a cause of action in tort. In reversing that ruling, this court in *Alexander*, 887 So.2d at 689, recognized that, under *Austin v. Abney Mills, Inc.*, 01-1598 (La. 9/4/02), 824 So.2d 1137, "a plaintiff who contracts an occupational disease has a right to sue *in tort* when *the workers' compensation act does not provide coverage for that disease*." (Emphasis added.)

In *Austin*, the supreme court held that the cause of action for a plaintiff who suffers from a long-latency occupational disease accrues when the injury-producing exposures "are significant and such exposures later result[ed] in the manifestation of

3

damages . . . ." *Id.* at 1154 (quoting *Cole v. Celotex*, 599 So.2d 1058, 1066 (La.1992)). *Austin* also recognized that, once the employee acquires a right to sue in tort for an occupational disease, he cannot later be divested of that right by subsequent legislative expansion of coverage for occupational diseases. Accordingly, a plaintiff may sue his employer in tort if his "significant tortious exposure" occurred either before 1952, when the legislature introduced workers' compensation coverage for an exclusive listing of occupational diseases or poisoning from certain substances; or before 1975, when the legislature replaced the listing of specific diseases and substances with a general definition of an occupational disease, if the malady from which he suffers was not included in that list.[2] Finding that the Plaintiffs in *Alexander* clearly alleged pre-1952 exposure to asbestos, we reversed the granting of Thiokol's exception of no cause of action and remanded for a factual determination as to which Plaintiffs were employed and exposed prior to 1952, with instructions that the trial court entertain arguments for those employed and exposed after 1952.

Because the dismissal of Plaintiffs' initial suit in tort against Thiokol has been reversed, that suit may still serve as an interruption of prescription against the executive officers, provided they are solidarily liable with Thiokol. La.Civ.Code art.

---

[2]As recognized by Justice Weimer in *Powell v. Weaver*, 01-2937, p. 5 (La. 2/7/03), 841 So.2d 742, 744:

> [I]t must be noted that *Austin* does not represent the last word on the continued viability of executive officer tort suits in Louisiana. At present there exists a conflict in the courts of appeal as to whether asbestos is both an oxygen compound and a metal compound so as to render asbestos-related disease a covered occupational disease under the worker's compensation law and the sole remedy of employees suffering from such diseases. *See and compare Brunet v. Avondale Industries, Inc.*, 99-1354 (La.App. 5 Cir. 12/5/00), 772 So.2d 974, *writ not considered*, 01-0171 (La.3/23/01), 787 So.2d 1006, and *Gautreaux v. Rheem Manufacturing Company*, 96-2193 (La.App. 4 Cir. 12/27/96), 694 So.2d 977, *writ denied*, 97-0222 (La.3/14/97), 690 So.2d 39. The final word cannot be written on this chapter until the conflict between *Brunet* and *Gautreaux* is resolved.

3503. In their original and supplemental petition, Plaintiffs alleged that, as the result of exposure to large quantities of asbestos and silica products from 1938 to 1990, their damages included death, cancer, fear of cancer, and other physical ailments, as well as an increased risk of contracting asbestos-related diseases. Allegations of liability against Thiokol included failure to warn of the dangers of asbestos, failure to provide safe protective equipment, and the placing of workers in danger with knowledge that its premises were unreasonably dangerous. Allegations against the executive officers included failure to provide proper supervision, a safe working environment, including proper ventilation, protective devices, and periodic medical examinations.

In holding that an employer responsible for workers' compensation benefits is solidarily liable with a third-party tortfeasor, the supreme court in *Williams*, 611 So.2d 1383, recognized that it is the coextensive obligation to repair certain elements of *the same damage*, and not *the source of liability*, that determines solidarity. In so doing, the supreme court expressly overruled several cases that "perpetuat[ed] the idea, rejected in *Hoefly* [*v. Government Employees Insurance Co.*, 418 So.2d 575 (La.1982)], that parties cannot be solidarily liable unless their liability is based on the same cause of action, i.e., that obligations arising from tort and contract, or tort and worker's compensation, cannot be solidary." *Id.* at 1389. Under this definition, we find that solidarity does exist between Thiokol and the executive officers, even though their individual liability may be based on the breach of different duties in tort or on different causes of action, such as workers' compensation and tort.

As in *Alexander*, we are unable to determine the dates of exposure and the particular damages for each Plaintiff, which factors would determine whether their

5

cause of action against Thiokol lies in tort or workers' compensation. Although the record contains correspondence indicating that Plaintiffs will have great difficulty meeting the requirements of *Austin*, 824 So.2d 1137, as well as other jurisprudence concerning occupational diseases, we cannot conclude that the evidence controverts the allegations of their petition. Given that our prior opinion in *Alexander* contemplates an evidentiary hearing on these very issues, we find that it would be premature to rule on prescription at this time. We further decline to address the arguments concerning the filing of suit in an incompetent jurisdiction, as such a discussion would be advisory at this time.

### Decree

For the above reasons, the judgment sustaining Defendants' exception of prescription is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to Defendants-Appellants.

**REVERSED AND REMANDED.**