pDECUIR, Judge.
Plaintiff appeals the trial court’s granting of an exception of prescription in favor of defendant. We affirm.
FACTS
On September 17, 1999, Louis Richard died while a resident of Jefferson Davis Nursing Home in Jennings, Louisiana. At the time of his death, the nursing home was being operated by Aberley, Inc. On September 12, 2000, Richard’s widow, Velma Richard, filed suit individually and on behalf of the Estate of Louis Richard against “Jefferson Davis Nursing Home,” alleging negligence on the part of the nursing home resulted in her husband’s death.
The petition alleged that Christian Haacker was the designated agent for service of process and service was unsuccessfully attempted on Haacker on September 14, 2000. On September 28, 2000, service was made on the person of Gwen Masters at the physical address of the Jefferson Davis Nursing Home. The record is unclear as to who employed Masters. Richard subsequently found that no legal entity known as the “Jefferson Davis Nursing Home” existed and that the facility was being operated by the “Jefferson Davis Nursing Home and Management Corporation” and that the corporation was not the operator at the time of her husband’s death. Aberley, Inc. was the operator of the facility at that time under a lease from Jefferson Davis Nursing Home and Management Corporation that expired in June of 2000. The record does not reflect what entity operated the facility at the time of service on Masters.
On June 25, 2001, Richard filed a supplemental and amending petition naming Jefferson Davis Nursing Home and Management Corporation and Aberley, Inc. as defendants. On July 18, 2001, domiciliary service was made on Aberley’s designated agent for service of process, Albert Aber-crombie. Aberley filed a peremptory | ^exception of prescription. The trial court granted the exception, and Richard lodged this appeal.
RELATION BACK
Richard contends that the trial court erred in finding that the filing of her supplemental and amending petition did not relate back to the filing of her original petition in granting the exception of prescription. We disagree.
The supreme court recently addressed this issue in Renfroe v. State Through Department of Transportation & Development, 01-1646, pp. 4-5 (La.2/26/02); 809 So.2d 947, 950-51 (alteration in original), saying:
In Ray v. Alexandria Mall, Through St. Paul Property & Liability Ins., 434 So.2d 1083, 1087 (La.1983), this Court established the following criteria for determining whether art. 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the date of filing of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original petition;
*1154 (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Richard argues that all of the criteria of Ray have been met. It is evident that the first criterion is met in that Richard’s supplemental and amending petition cites the same claim. However, the second Ray criterion requires that the substitute defendants “must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits.” Ray, 434 So.2d at 1087. |3In this case, Aberley did not receive notice within the prescriptive period. Faced with the same circumstance and the same argument by the plaintiff that the real issue is prejudice to the defendants, the court in Renfive, 809 So.2d at 951-52 (footnote omitted), said:
As we stated in Giroir v. South Louisiana Medical Center, Div. of Hospitals, 475 So.2d 1040 (La.1985):
The fundamental purpose of prescription statutes is only to afford a defendant economic and psychological security if no claim is made timely, and to protect him from stale claims and from the loss of non-preservation of relevant proof. They are designed to protect him against lack of notification of a formal claim within the prescriptive period, not against pleading mistakes that his opponent makes in filing the formal claim within the period.
There is no doubt that neither Road District No. 1 nor the GNOEC received notice of the institution of the suit within the prescriptive period. However, plaintiff claims that under Findley v. Baton Rouge, 570 So.2d 1168 (La.1990), notice is not technically necessary, and that the real issue is whether the defendants would be prejudiced by the lack of notice. In Findley, plaintiff timely filed suit against the City of Baton Rouge for an accident that occurred in a public park, but, upon learning that the park was actually owned by the Recreation and Park Commission of East Baton Rouge Parish (“BREC”), filed an untimely amended petition adding BREC as a defendant. This Court held that the amended petition against the new defendant related back to the original petition, even though BREC may not have received formal notice of the institution of the lawsuit. Findley, supra. The basis of that holding, however, was that “when there is an identity of interest between the originally named defendant and the party the plaintiff actually intended to sue, the amendment may relate back, in the absence of prejudice, on the basis that institution of the action against one serves to provide notice of the litigation to the other.” Findley, supra at 1171 (citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1499 (1990); 3 Moore’s Federal Practice and Procedure ¶ 15.08[5] (2d ed.1989)). We held that “[sjufficiency of the identity of interests depends upon the closeness of the relationship between the parties in their business operations and other activities,....” Id. After analyzing the relationship between the City of Baton Rouge and BREC, we found that it was much the same as that be *1155 tween a parent corporation and a subsidiary, and that, as “Rule 15(c) was amended for the purpose of preventing unjust results when a plaintiff, confronted with a maze of closely related corporate or governmental entities, initially chooses the wrong one to sue, unless prejudice exists,” “institution of the suit against the City served to provide ‘such notice of | ¿the institution of the action that [BREC] will not be prejudiced in maintaining [its] defense on the merits.’ ” Id. at 1172 (citing Fed. R. Civ. Proc. 15(c)).
In this case, Richard has established no “identity of interests” between Jefferson Davis Nursing Home and Management Corporation and Aberley, Inc. The mere fact that Aberley leased the facility from Jefferson Davis Nursing Home and Management Corporation at the time of the accident is not sufficient. Notice to Jefferson Davis Nursing Home and Management Corporation would not serve as notice to Aberley, particularly given that the contractual relationship between the defendants did not exist at the time the suit was filed. There is no evidence in this case that the relationship between Jefferson Davis Nursing Home and Management Corporation and Aberley has the components of a parent corporation and wholly owned subsidiary relationship as was found to be present in Findley. Thus, we find that the second criterion of Ray was not met, as Aberley did not receive notice of the institution of the lawsuit within the prescriptive period.
Richard has also failed to meet the fourth Ray criterion. The plaintiff in Ray mistakenly filed suit against the “Alexandria Mall,” rather than the “Alexandria Mall Company.” In this case, Richard may have merely made a mistake in naming “Jefferson Davis Nursing Home” rather than “Jefferson Davis Nursing Home and Management Corporation” as the proper defendant. However, Richard intended one of those two to be the named defendant as she thought that the “Jefferson Davis Nursing Home” or “Jefferson Davis Nursing Home and Management Corporation” owned and operated the nursing home. When Richard later learned that a wholly new defendant, Aberley, Inc., managed the nursing home, she filed a supplemental and amending petition against Aberley after the prescriptive period. As the court held in Findley, “the Ray criteria seek to prevent injustice to plaintiffs who mistakenly named |Ban incorrect defendant, at least when there was no prejudice to the subsequently named correct defendant ... [;] the rule however [does] not apply when the amendment sought to name a new and unrelated defendant.” Findley, 570 So.2d at 1170.
Thus, we find Richard’s supplemental and amending petition against Aberley, Inc. fails to meet the second and fourth criteria set out in Ray for relation back to the original timely filed petition against Jefferson Davis Nursing Home under La. Code Civ.P. art. 1153.
JOINT OR SOLIDARY OBLIGORS
Richard next contends that even if her supplemental and amending petition does not relate back, prescription was interrupted by the filing of suit against a joint and solidary obligor within the prescriptive period. We disagree.
In Lewing v. Sabine Parish Police Jury, 95-630 (La.App. 3 Cir. 11/2/95); 664 So.2d 598, 599-600, we said:
The burden of proof is normally on the party pleading prescription. If on the face of the petition it appears that prescription has run, the burden shifts to the plaintiff to prove a suspension or interruption of the prescription. If the plaintiffs basis for claiming interruption of prescription is solidary liability be *1156 tween two or more parties, then the plaintiff bears the burden of proving that solidary relationship.
Where plaintiffs allegations in the petition and amending petition have not been controverted at a hearing on the exception of prescription, the court must look to the petition to see whether plaintiff has carried the burden of proof showing that prescription was interrupted on the basis of solidary liability between the parties, and the test is whether the alleged facts, if accepted as true, are sufficient on their face to establish that the timely sued defendant and untimely sued defendants are solidarily liable.
(Citation omitted.)
In this case, the petition appears on its face to have prescribed; thus, the burden shifts to Richard to prove an interruption of prescription. She has alleged that the defendants are joint and solidary obligors. However, a review of the petition and 1 firecord reveals no allegations of fact to support a finding that the defendants are joint and solidary obligors. Richard has failed to carry her burden of proof. This assignment has no merit.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Velma Richard.
AFFIRMED.