HENRY GARDNER
v.
T & T BARGE AND MARINE, INC. AND XYZ INSURANCE COMPANY.
No. 2008 CA 2503.
Court of Appeals of Louisiana, First Circuit.
June 19, 2009.
Not Designated for Publication
GREGORY J. MILLER, Miller & Hampton Attorney for Plaintiff-Appellant Henry Gardner.
DOUGLAS K. WILLIAMS, W. BRETT MASON, Breazeale, Sachse & Wilson, L.L.P., Attorneys for Defendant-Appellee T.T. Barge Cleaning Mile 183, Inc.
Before: PARRO, McCLENDON, and WELCH, JJ.
PARRO, J.
Henry Gardner appeals a judgment dismissing his personal injury claims against defendant, T.T. Barge Cleaning Mile 183, Inc., on a finding that prescription had run before this defendant was served and that his amended petition did not relate back to his timely-filed original petition against a similarly-named defendant. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND
On January 3, 2004, Gardner was injured when he slipped and fell on premises owned by T.T. Barge Cleaning Mile 183, Inc. On December 29, 2004, Gardner filed a personal injury suit against T & T Barge and Marine, Inc., and requested service through its registered agent, Alan R. Sacks. Service was unsuccessful. In March 2005, the petition was served on T & T Barge and Marine, Inc. through the Secretary of State, but no responsive pleadings were filed. Several attempts to serve the correct company, T.T. Barge Cleaning Mile 183, Inc., through the correct registered agent were made, but none succeeded. Finally, on August 21, 2007, the petition was served on T.T. Barge Cleaning Mile 183, Inc., through its registered agent, Raymond B. Greenwell.
T.T. Barge Cleaning Mile 183, Inc. filed a peremptory exception raising the objection of no cause of action, because the petition did not name it as the defendant; the exception also raised the objection of prescription. The trial court maintained the exception of no cause of action and allowed Gardner leave to amend his petition; there was no ruling on the prescription objection. Gardner filed a motion and order to amend his petition to add T.T. Barge Cleaning Mile 183, Inc. as a substitute defendant, and the court signed the order on December 21, 2007. T.T. Barge Cleaning Mile 183, Inc. re-urged its exception raising the objection of prescription. The trial court sustained the exception and dismissed Gardner's claims against T.T. Barge Cleaning Mile 183, Inc. in a judgment signed March 28, 2008. Gardner appealed, claiming the district court erred in concluding that his claims were prescribed and in finding that the amended petition, which substituted defendant T.T. Barge Cleaning Mile 183, Inc. for defendant T & T Barge & Marine, Inc., did not relate back to the date of the filing of the original petition.

ANALYSIS
Louisiana Code of Civil Procedure article 1153 states that when the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading. The case of Ray v. Alexandria Mall, 434 So.2d 1083 (La. 1983), set out the four-factor test for relation back under Article 1153:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that, but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; and
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
T.T. Barge Cleaning Mile 183, Inc. contends that factors (2) and (4) were not met, because it did not receive notice of the institution of the action until August 21, 2007, well over two years after the prescriptive period had run, and because it is a wholly new defendant with absolutely no relationship to T & T Barge and Marine, Inc. In support of these claims, T.T. Barge Cleaning Mile 183, Inc. submitted evidence from the Louisiana Secretary of State's Office showing the registration information for both corporations. These documents demonstrated that the two companies are completely separate entities with different formation dates, officers and directors, articles of incorporation, registered offices, and registered agents. An affidavit from Greenwell confirmed that the corporations were not related or linked in any way and averred that the first notice received by T.T. Barge Cleaning Mile 183, Inc. that Gardner's suit had been filed was on August 21, 2007, when a copy of the original petition was served on him, as its registered agent for service of process.
Gardner argues that the prescription statutes are not designed to protect a defendant against non-prejudicial pleading mistakes that his opponent makes in filing his claim within the prescriptive period. Therefore, he contends, T.T. Barge Cleaning Mile 183, Inc. had the burden of showing actual prejudice, which it has failed to do. In support of his argument, Gardner cites Allstate Ins. Co. v. Theriot, 376 So.2d 950 (La. 1979), Giroir v. South Louisiana Med. Ctr., 475 So.2d 1040 (La. 1985), and Findley v. City of Baton Rouge, 570 So.2d 1168 (La. 1990). However, these cases are all distinguishable.
The question in Allstate was whether a workers' compensation insurer's timely-filed petition against a tortfeasor, although it was eventually found not to have stated a cause of action, sufficed to interrupt prescription in favor of the injured worker who intervened in the suit, seeking damages arising out of the same motor vehicle accident. The court noted that the initial suit timely gave notice to the correct defendant by legal demand that a claim, albeit by a different claimant, was being made against him for his negligence in the automobile accident that caused injuries to the worker. Allstate, 376 So.2d at 953-54. In the matter before us, the correct defendant had no notice of the suit within the one-year prescriptive period.
Similarly, in the Giroir case, the correct defendant was named in the wrongful death and survivorship action, and the issue was whether an amendment changing the capacity in which the plaintiff asserted his claims and adding children as plaintiffs related back to the filing of the initial petition. The court stated that where a plaintiff seeks to change only the capacity in which he brings the action, or in which the defendant is sued, because there is no change in the parties and because all parties are on notice of the facts out of which the claim arose, an amendment will relate back to the date of the original pleading, absent prejudice due to the delay in filing. Regarding the children's wrongful death and survival actions, the court noted that each action added by amendment clearly stemmed from the same conduct, transaction, or occurrence set forth in the original pleading, and the defendants knew or should have known of the existence and involvement of the children. Giroir, 475 So.2d at 1044-45. As in the Allstate case, the correct defendant was always in the Giroir suit and was always aware of the nature of the claims being made.
In the Findley case, the plaintiff sued the City of Baton Rouge for injuries received at one of the city's recreational facilities, and later amended the petition to add the correct defendant, the Baton Rouge Recreation and Parks Commission (BREC). In determining that the amendment would relate back, the court noted that the city's investigation of the claim was communicated to BREC, and there was an identity of interest between the originally named defendant and the party the plaintiff actually intended to sue. Because institution of the action against one served to provide notice of the litigation to the other, the amendment related back. Findley, 570 So.2d at 1171.
In the matter before us, there is no identity of interest between the two entities, and institution of the lawsuit against T & T Barge and Marine, Inc. did not provide notice of the litigation to T.T. Barge Cleaning Mile 183, Inc. Interestingly, Gardner also cites the case of Renfroe v. State ex rel. Dep't of Transp. and Dev., 01-1646 (La. 2/26/02), 809 So.2d 947, although in that case, the court denied relation back on the basis that factors (2) and (4) elucidated in the Ray case were not met; there was no notice to the correct defendant by the filing of suit against the originally named defendant, and the substitute defendant was a new and wholly unrelated entity. Renfroe, 809 So.2d at 951-53.
Gardner claims this case is analogous to Ray, because the original petition simply contained a misnomer. In the Ray case, the petition named Alexandria Mall as a defendant instead of Alexandria Mall Company. The court noted there is only one mall in Alexandria and its general manager received a copy of the petition from its insurer, also named in the petition, before the oneyear prescriptive period had run. Ray, 434 So.2d at 1087. The facts in the case before us differ, in that T.T. Barge Cleaning Mile 183, Inc. presented evidence that despite the similarity in names, it is a wholly new and unrelated defendant and had no notice of the action until approximately three and onehalf years after the accident occurred.
Gardner also urges this court to consider the fact that T.T. Barge Cleaning Mile 183, Inc. did not change the address of its registered agent, as required by law, thus frustrating his attempts to achieve service. We find no merit in this argument, because the first attempts to serve Greenwell were made long after prescription had already run on the claim.
Having considered the arguments of both parties, we conclude that the Ray criteria were not met in this case. T.T. Barge Cleaning Mile 183, Inc. had no notice of the suit as a result of the original petition and, in fact, did not learn of the claims arising out of the January 3, 2004 accident, as described in the petition filed December 29, 2004, until August 21, 2007. Thus, the second factor of the four-factor test was not satisfied in this case. Additionally, the two companies named are separate and distinct entities with no identity of interest or other link; therefore, notice to one did not serve to provide notice to the other. T.T. Barge Cleaning Mile 183, Inc. is a wholly new defendant, unrelated to T & T Barge and Marine, Inc. Accordingly, the amended petition in this case is tantamount to the assertion of a new cause of action, which otherwise would have prescribed.

CONCLUSION
Based on the foregoing, the judgment of March 28, 2008, dismissing all of Henry Gardner's claims against T.T. Barge Cleaning Mile 183, Inc., with prejudice, is affirmed. All costs of this appeal are assessed against Henry Gardner.
AFFIRMED.