KNOLL, Justice,
dissenting.
|! After carefully examining the facts of the present case, I find Jimenez’s claim had prescribed. The record clearly demonstrates she made a conscious and informed decision not to join her mother and sibling in the medical malpractice petition for the alleged wrongful death of her father. Four years after the death of her father, when she learned that she would have to become involved in the suit as a witness, she then arbitrarily changed her mind and decided to join the case as a party plaintiff. The majority opinion now allows her to file her claim, defeating prescription through the use of the relation-back doctrine broadening the principles set forth in Giroir v. South La. Medical Center, 475 So.2d 1040 (La.1985).
Under the circumstances of this case, not only is a relation-back analysis inappropriate, but further, the majority opinion today broadens the relation-back principles set forth in Giroir to now include arbitrary factors in allowing a relation-back amendment. Heretofore, the criteria of the Giroir jurisprudence was based on the effect of non-prejudicial pleading mistakes. This departure from established jurisprudence is unwarranted in this case. In Giroir, the court explained that the fundamental purpose of prescription statutes is to afford a defendant economic and psychological security if no claim is made timely, and to protect him from stale claims and from the loss of non-preservation of relevant proof. Giroir, 475 So.2d at |21045. Prescriptive statutes seek to prevent prejudice to a defendant either by a delay in notification of the claim (the prejudice usually being the deprivation of an opportunity to perform a timely investigation of the claim) or by the loss of documents or witnesses which the defendant would have gathered or preserved if timely notified. Findley v. City of Baton Rouge, 570 So.2d 1168, 1170 (La.1991); Tate, Amendment of Pleadings in Louisiana, 48 Tul.L.Rev. 211 (1969). Prescription statutes are designed to protect defendants against lack of notification of a formal claim within the prescriptive period, not against non-prejudicial pleading mistakes that their opponents make in filing the formal claim within the period. Giroir, 475 So.2d at 1045; Findley, 570 So.2d at 1170; Tate, supra; Allstate Ins. *202 Co. v. Theriot, 376 So.2d 950, 954 (La. 1979); Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.1973). This well-established rule illustrates the flaw in the present case.
Prescription statutes protect defendants by barring rights not exercised within the prescriptive period. La. Civ.Code art. 3447. This protection is not intended, however, to extend to non-prejudicial pleading mistakes made by their opponents in filing the formal claim within the prescriptive period. Giroir, 475 So.2d at 1045; Findley, 570 So.2d at 1170; Tate, supra; Allstate, 376 So.2d at 954. The relation-back principle announced in Gir-oir allows a plaintiff to revive his/her claim when that claim would otherwise be barred due to mistake or inadvertence in filing the formál claim within the prescriptive period, when no disadvantage will accrue to the opposing party. What the majority seeks to do in this case is to allow the revival of a knowingly renounced claim to the disadvantage of the opposing party. There is no mistake or inadvertence alleged in this case. Jimenez consciously decided not to participate in her family’s claim during the prescriptive period and then, arbitrarily changed her mind.
[■¡The majority opinion sets forth an arbitrary precedence by giving more prescriptive rights to one who changes his/her mind about filing suit. One who chooses not to timely file suit and lets his/her cause of action prescribe cannot somehow preserve his/her cause of action under the relation-back doctrine announced in Gir-oir. The fact that the plaintiffs family filed timely does not give her a greater prescriptive right than others whose causes of action would be untimely.
The majority eviscerates the essential protective purpose of prescription by permitting the relation-back of the post-prescription amendment to the prejudice of the defendants. Although the record does demonstrate that the defendants had adequate notice of Jimenez’s identity, the record also indicates that had the defendants sought out Jimenez and inquired whether she would be involved in the litigation for the first three-and-one-half years of these proceedings her answer would have been unequivocally, “No.” The defendants reasonably relied on her stated intention not to file a claim, and now, more than four years after the death of her father, are prejudiced in preparing their defense and timely investigation of her claim.
The majority’s opinion allows a plaintiff, who made a conscious decision not to file timely, to use Giroir as a “back-up plan” in the event he/she later arbitrarily changes his/her mind and wishes to file a claim to the prejudice of the defendant. I find this conclusion in direct opposition to both Gir-oir and the well-established rules of prescription. For these reasons, I respectfully dissent from the majority opinion.