LOB RANO, J.,
concurs with reasons.
hi respectfully concur in the majority’s affirmation of the trial court’s judgment dismissing with prejudice all named parties from this lawsuit based on prescription. However, I disagree with the majority’s finding that “no relationship existed between the timely-sued defendants and those added after the prescriptive period had run.” A contractual relationship existed between the New Orleans Public Facility Authority/Ernest N. Morial and New Orleans Exhibition Hall Authority,(“NOPFM/ENMEHA”), and the added defendant, American College of Cardiology, (“ACC”). Nonetheless, there is insufficient evidence on appeal to determine whether the closeness of the business relationship between these parties is such that the institution of the action against *1237 NOPFM/ ENMEHA serves to provide notice of the action against ACC. See Findley v. City of Baton Rouge, 570 So.2d 1168, 1172 (La.1990) (where the court held that when there is an identity of interests and a close business relationship between the original timely-sued defendants and added defendant, the amended petition relates back for the purposes of prescription under La.Code Civ. Proc. Art. 1158 to the date of filing of the original petition because the filing of a petition against one serves to provide notice of litigation to the other, noting that “Rule 15(c) was amended for the purpose of preventing unjust results when a plaintiff, confronted with a maze of closely related corporate or governmental entities, initially chooses the wrong one to sue ... ”).