# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 14-1133

**STANLEY SAVOIE**

**VERSUS**

**CALCASIEU PARISH SHERIFF OFFICE (CITY OF LAKE CHARLES)**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2009-4413
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Harold D. Register, Jr.**
**216 Rue Louis XIV**
**P. O. Box 80214**
**Lafayette, LA 70598-0214**
**Telephone:  (337) 981-6644**
**COUNSEL FOR:**
    **Plaintiff/Appellant - Stanley Savoie**

**Christopher E. John**
**Assistant City Attorney - City of Lake Charles Legal Department**
**P. O. Box 900**
**Lake Charles, LA 70602-0900**
**Telephone:  (337) 491-1523**
**COUNSEL FOR:**
    **Defendant/Appellee - Calcasieu Parish Sheriff Office**

**THIBODEAUX, Chief Judge.**

Plaintiff, Stanley Savoie, appeals the grant of an exception of prescription by the trial court after it decided that an untimely, amended petition, substituting a new defendant, did not relate back to the original, timely-filed petition. Mr. Savoie avers that the amended petition arises out of the same transaction or occurrence as the original petition; thus, the amended claim did not prescribe. Upon determining that the substituted defendant did not receive timely notice and was a wholly new and unrelated defendant, we affirm the judgment of the trial court.

I.

**ISSUE**

Did the trial court err in granting Lake Charles Police Department's exception of prescription after finding that Stanley Savoie's amended petition did not relate back to the original, timely-filed petition?

II.

**FACTS AND PROCEDURAL HISTORY**

Mr. Savoie was injured on September 13, 2008, during his arrest by Lake Charles Police Department (LCPD). He filed a timely suit for his injury on September 10, 2009. The petition incorrectly named Calcasieu Parish Sheriff Office (CPSO) as defendant and stated the date of injury as September 13, 2009. After learning of his mistake regarding the defendant, Mr. Savoie filed an amended petition substituting LCPD as defendant on September 16, 2009, three days after prescription ran. LCPD was not served with notice of the suit at this time. Several

months later, Mr. Savoie filed an "Order to Amend Petition for Damages," again substituting LCPD as defendant, which was then signed by the trial judge and served on LCPD. The City of Lake Charles, on behalf of LCPD,[1] filed a peremptory exception of prescription, alleging a claim was not brought against it within the applicable prescription period of one year.

At the hearing on LCPD's exception, the trial court, on its own motion, found no cause of action existed because the date of injury stated in the petition occurred after the date the original petition was filed. The trial court allowed Mr. Savoie fifteen days to amend the petition with the correct date of injury, which he failed to do. Mr. Savoie appealed the trial court's judgment dismissing the claim. On appeal, this court affirmed, but again granted Mr. Savoie time to amend the petition.

Mr. Savoie properly amended his petition to state the date of injury as September 13, 2008 instead of 2009. The City of Lake Charles for LCPD again filed a peremptory exception of prescription. The trial court granted the exception, finding that LCPD and CPSO are different entities. Further, the court found that the earliest possible date that LCPD could have received notice of the suit was on September 16, 2009, when Mr. Savoie first amended the petition to change defendants. However, the trial court also noted that, although an amended petition was filed, service on LCPD did not occur until March of 2010. Mr. Savoie now appeals the judgment granting defendant's exception of prescription and dismissing his claim.

---

[1]LCPD is a department of the City of Lake Charles without the procedural capacity to sue or be sued, and, thus, the City answered the lawsuit.

III.

## STANDARD OF REVIEW

When examining a trial court's decision regarding an exception of prescription, "prescriptive statutes are to be strictly construed against prescription and in favor of the claim that is said to be extinguished." *Louisiana Health Serv. and Indem. Co. v. Tarver*, 93-2449 (La. 4/11/94), 635 So.2d 1090, 1098. "When prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court's findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review." *Specialized Loan Serv'g, L.L.C. v. January*, 12-2668, pp. 3-4 (La. 6/28/13), 119 So.3d 582, 584 (citations omitted). If the trial court's factual findings "are reasonable in light of the record reviewed in its entirety," the appellate court should not upset the judgment. *Carter v. Haygood*, 04-646, p. 9 (La. 1/10/05), 892 So.2d 1261, 1267.

IV.

## LAW AND DISCUSSION

A defendant who brings a peremptory exception of prescription before the court carries the burden of proving that the claim has prescribed. *Carter*, 892 So.2d 1261. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the claim is still viable. *Id*.

Delictual liability claims must be brought within one year from the date of injury or damage. La.Civ.Code art. 3492. The original petition in this case was filed against Calcasieu Parish Sheriff's Office and XYZ Insurance Companies on September 10, 2009. The injury occurred on September 13, 2008, making the

original petition timely. However, Lake Charles Police Department, the proper defendant, was not named as a defendant until after the one-year prescription period and was not served with the petition until March 10, 2010. Therefore, because the claim against LCPD was untimely on the face of the pleadings, the burden of proof moved to Mr. Savoie, as plaintiff, to show that his claim against LCPD was still viable.

Under certain circumstances a claim may be amended and considered timely after the one-year period, so long as the original pleading was timely filed. *See* La.Code Civ.P. art. 1153. Under Article 1153, "when the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth . . . in the original pleading, the amendment relates back to the date of filing the original pleading." *Id*. However, the supreme court has further set forth specific requirements when the amendment changes one of the named parties.

The Louisiana Supreme Court established four factors in *Ray v. Alexandria Mall*, 434 So.2d 1083 (La.1983), to determine if an amended petition, which changes the identity of a party, may relate back to the original pleading. The supreme court requires the plaintiff to prove the following:

(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;

(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;

(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party

4

> defendant, the action would have been brought against him;
>
> (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

*Id*. at 1087. Although all four factors must be met, courts have stressed that an emphasis is placed on whether the proper defendant was given sufficient notice of the claim to avoid prejudice. *See Taylor v. Johnson*, 617 So.2d 1213 (La.App. 3 Cir. 1993); *Raziano v. Lincoln Prop. Co.*, 520 So.2d 1213 (La.App 5 Cir. 1988); *Levingston v. City of Shreveport*, 44,000 (La.App. 2 Cir. 2/25/09), 4 So.3d 942, *writ denied*, 09-673 (La. 5/15/09), 8 So.3d 586.

In the present case, Mr. Savoie continues to assert the same injury from the same event, but now asserts LCPD caused the injury, not CPSO. There is no dispute that the first criterion in *Ray* has been met. The amended claim "arise[s] out of the same transaction or occurrence set forth in the original pleading." *Ray*, 434 So.2d at 1087.

As to the second criterion, the record does not support the assertion that the substitute defendant received notice of the institution of the action in a timely manner to prevent prejudice. LCPD did not receive notice of the suit until March of 2010, several months after prescription ran on Mr. Savoie's claim. Although the supreme court in *Findley v. City of Baton Rouge*, 570 So.2d 1168 (La.1990), determined that notice on the incorrect defendant may be imputed to the substitute defendant under certain circumstances; those circumstances are not present in this case.

The supreme court in *Findley* decided that an amended petition substituting the Recreation and Park Commission for the Parish of East Baton

5

Rouge (BREC) as defendant related back to the original petition because there was an "identity of interest" between the defendants. *Id.* at 1171. After being injured at a public park, Findley filed suit against the City of Baton Rouge believing the City owned and operated the park. *Id.* Upon discovering the park was owned by BREC, plaintiff filed an untimely amendment to change the defendant. *Id.* The supreme court determined BREC was not prejudiced because they were provided with the City's reports of an investigation conducted after the suit was originally filed. *Id.* More importantly, the supreme court specifically discussed the close relationship of the defendants, comparing them to a parent and subsidiary corporation, such that notice to one would serve as notice to the other. *Id.* Evidence showed the BREC commission was composed of several City employees, needed City approval for the BREC annual budget, and needed City approval of land purchases. *Id.* Evidence that the BREC superintendent "routinely informs claimants" that BREC, not the City, is the proper defendant for accidents in the park was also presented. *Id.* at 1172. After reviewing the evidence, the supreme court concluded there was an identity of interest between the two defendants sufficient to allow the amendment to relate back to the original petition. *Id.*

The evidence currently in front of this court does not indicate that an "identity of interest" exists between CPSO and LCPD. The facts in *Renfroe v. State of Louisiana through the Deptartment of Transportation and Development*, 01-1646 (La. 2/26/02), 809 So.2d 947, are more similar to those at present, where the supreme court determined the evidence did not support relation back. *Id.* In *Renfroe*, after a deadly accident occurred on Causeway Boulevard, Mr. Renfroe brought a timely claim against the DOTD for improper construction, maintenance,

and design of the road. *Id.* Plaintiff later discovered the DOTD was not the proper defendant and amended his petition twice after the claim prescribed. *Id.* Plaintiff finally named the proper defendant, Road District No. 1, in the second amendment to the petition, arguing the claim was timely under La.Code Civ.P. art. 1153. *Id.* The supreme court decided the second *Ray* factor was not met because Road District No. 1 did not "receive[] notice of the institution of the action." *Id.* at 951. The court stated:

> The fundamental purpose of prescription statutes is only to afford a defendant economic and psychological security if no claim is made timely, and to protect him from stale claims and from the loss of non-preservation of relevant proof. They are designed to protect him against lack of notification of a formal claim within the prescriptive period, not against pleading mistakes that his opponent makes in filing the formal claim within the period.

*Id.* (quoting *Giroir v. S. La. Med. Ctr., Div. of Hosp.*, 475 So.2d 1040 (La.1985)). The supreme court states that notice of a formal claim is not technically necessary where the closeness of the parties' business relationship and operations allows notice on one to serve as notice on the other. *Id.* However, the supreme court held that no identity of interest existed as in *Findley* that would allow the suit against the DOTD to provide sufficient notice to Road District No. 1 and, therefore, the claim prescribed. *Id.* at 952-53.

Mr. Savoie failed to demonstrate that the relationship of the entities was so close that one exercised any control over the other, or that the entities can be equated to parent and subsidiary corporations as in *Findley*. The record also fails to indicate that LCPD received any form of notice or became aware of the suit before prescription ran. Although CPSO and LCPD are both law enforcement agencies and service an overlapping area, the plaintiff did not introduce any

7

evidence showing such an overlap or coordination between entities that by serving notice on CPSO, LCPD would also be informed of the lawsuit. Therefore, the second *Ray* factor has not been met.

*Ray* also requires that the substitute defendant knew or should have known that, but for a mistake as to the identity of the original defendant, the action would have been brought against the substitute. *Ray*, 434 So.2d 1083. In *Ray* the plaintiff brought a claim against "Alexandria Mall," instead of the proper defendant, "Alexandria Mall Company," and the company's insurance provider for injuries sustained after a slip-and-fall at the mall property. *Id.* The evidence demonstrated that the insurance company paid the plaintiff's medical bills after the accident, and that the mall's general manager, though not the proper person for service, was originally served with notice. *Id.* The court considered federal jurisprudence interpreting FRCP 15(c), on which La.Code Civ.P. art. 1153 is based. *Id.* In those cases, the courts considered whether "the plaintiff had in mind a particular entity or person" and "merely made a mistake as to the name, and actually served the entity or person intended; or [did] the plaintiff actually [mean] to serve and sue a different person." *Id.* at 1086. The evidence also showed that the proper defendant knew of the suit and of the plaintiff's mistake, but waited until after prescription ran to raise an exception. *Id.* The court allowed the amendment to relate back under the circumstances. *Id.*

The present record does not support the same conclusion as in *Ray*. Mr. Savoie failed to prove that, but for the mistake in identity, the claim would have been brought against LCPD, and that LCPD knew or should have known of the claim. The record indicates that Mr. Savoie intended to sue CPSO, and believed CPSO responsible, until CPSO informed him it was not the agency that

8

made his arrest. LCPD was not notified of the suit until after prescription ran, and the entities do not share such a relationship that LCPD would have known of the mistake and expected the suit. Therefore, the third factor of *Ray* has also not been met.

Finally, the fourth criterion of *Ray* requires that the "substitute defendant must not be a wholly new or unrelated defendant." *Ray*, 434 So.2d at 1087. As previously discussed, the record does not support a finding that the two entities had an overlapping relationship or identity of interest. Mr. Savoie argues that the two entities service the same area, but offers no other evidence of a relationship between CPSO and LCPD, in the amended petition or at any time, that would support a finding that LCPD is not a wholly new or unrelated defendant. Thus, Mr. Savoie has thus failed to prove the fourth factor in *Ray*.

When evidence is presented to the trial court on a motion for exception of prescription, the appellate court is to review that evidence under the manifest error standard. *Specialized Loan Serv'g, L.L.C.*, 119 So.3d 582. Because the claim against LCPD had prescribed, and such prescription was evident on the face of the petition, Mr. Savoie had the burden to provide evidence that the claim remained viable. *See Carter*, 892 So.2d 1261. In reviewing the record and giving discretion to the trial court's observations, we find no manifest error by the trial court in ruling that the amended petition does not relate back and, therefore, Mr. Savoie's claim has prescribed.

9

V.

## **CONCLUSION**

Based on the foregoing, the trial court was correct in granting the exception of prescription. The judgment of the trial court is affirmed. Costs of this appeal are assessed to Stanley Savoie.

**AFFIRMED.**