SAUNDERS, J.
dissents with written reasons!
L Citing Findley v. City of Baton Rouge, 570 So.2d 1168, 1171 (La.1990), Plaintiff asserts that the application of the “relation back” concept found in La.Code Civ.P. art. 1153 is warranted in situations in which there is an identity of interests between the defendant named in the original lawsuit arid the party which the plaintiff intended to riáme as the defendant. Plaintiff asserts that" in the instant case, there is an identity of interests' between Relator and Louisiana Municipal Risk Management Agency because they have a close business relationship and routinely exchanged communications. As such, it appears that the application of the- “relation back” concept is justified in this case. Also, Plaintiff correctly notes that the jurisprudence has held that'Article 1153 should be applied liberally. Rivard v. Petroleum Transport Co., Inc., 95-0431 (La.App. 4 Cir. 9/28/95), 663 So.2d 755.
There are four elements which must be met in order for Plaintiffs amended petition naming a substitute defendant to relate back to the date of filing of the original petition, in accordance with La.Code Civ.P. art. 1153. See Ray, 434 So.2d 1083. In my view, there is' merit to Plaintiffs argument that that all four elements have been satisfied in this case. In that regard, it is clear to me that Plaintiffs claims against Relator and Louisiana Municipal Risk Management Agency arise |?out of the same automobile accident. Since Louisiana Municipal Risk Management Agency, which is the party named in the original petition, is the indemnifier for Relator, it is not a new or unrelated party. Also, since Relator has known of the claim almost from the inception of the case and since Relator is represented by the same attorney that represents Louisiana Municipal Risk Management Agency, it is equally *1118 clear to me that Relator will not be prejudiced by having to maintain a defense in this case. As such, under the factual circumstances of this case, Relator should have known that but for a mistake, it would have been named as a defendant in this case. Therefore, I would find that the trial court did not err when it applied the “relation back” provision in La.Code Civ.P. art. 1153 to find that Plaintiffs amended petition adding Relator as a defendant was timely filed. For these reasons, I would deny the instant writ application.