# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-767


**LIBERTY MUTUAL FIRE INSURANCE COMPANY**

**VERSUS**

**RANDALL J. HEBERT & ASSOCIATES, INC., ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 84573
HONORABLE CURTIS SIGUR, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**ULYSSES GENE THIBODEAUX
CHIEF JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.


**AFFIRMED.**


**James L. Pates, Jr.**
**Elizabeth Bailly Bloch**
**NeunerPate**
**One Petroleum Center**
**1001 W. Pinhook Road – Suite 200**
**Lafayette, LA 70503**
**Telephone: (337) 237-7000**
**COUNSEL FOR:**
　　　**Defendant/Appellee – St. Martin Parish Government**

**Allan Leland Durand**
**235 La Rue France**
**Lafayette, LA 70508**
**Telephone: (337) 237-8501**
**COUNSEL FOR:**
　　　**Defendant/Appellee – St. Martin Economic Development**

**AuthorityEdward F. LeBreton, III**
**Jones Walker, LLP**
**201 St. Charles Avenue – 48th Floor**
**New Orleans, LA 70170-5100**
**Telephone:  (504) 582-8754**
**COUNSEL FOR:**
 **Defendant/Appellee – Forum Energy Technologies, Inc.**

**Brian Timothy Butler**
**Keogh, Cox & Wilson, Ltd.**
**701 Main Street**
**Baton Rouge, LA 7080**
**Telephone:  (225) 383-3796**
**COUNSEL FOR:**
 **Defendant/Appellee – N.C. Sturgeon, L.P.**

**Dan Boudreaux**
**Law Offices of Keith S. Giardina**
**9100 Bluebonnet Centre Boulevard – Suite 300**
**Baton Rouge, LA 70809**
**Telephone:  (225) 293-7272**
**COUNSEL FOR:**
 **Plaintiff/Appellant – Liberty Mutual Fire Insurance Company**

**Charles E. Riley, IV**
**Simon, Peragine, et al.**
**1100 Poydras Street – 30th Floor**
**New Orleans, LA 70163**
**Telephone:  (504) 569-2030**
**COUNSEL FOR:**
 **Defendant/Appellee – Hanover Insurance Company**

**THIBODEAUX, Chief Judge.**

Plaintiff, Liberty Mutual Fire Insurance Company (Liberty Mutual), appeals the grant of an exception of prescription by the trial court. The trial court determined that an amended petition adding Defendants, St. Martin Parish Government (St. Martin) and Forum Energy Technologies, Inc. (Forum), after all the original defendants were dismissed and which was filed one year and nine months after a flooding incident was untimely. Joint or solidary liability did not exist, and the amended petition did not relate back to the original filing date pursuant to La.Code Civ.P. art. 1153. For the following reasons, we affirm the judgment of the trial court.

## I.

## ISSUES

We must decide whether the trial court erred in granting St. Martin and Forum's joint exception of prescription.

## II.

## FACTS AND PROCEDURAL HISTORY

On November 6, 2015, Waukesha Pearce Industries, Inc. (WPI) experienced flooding on its property following a rainstorm which caused significant damages and losses to the property. On October 18, 2016, Liberty Mutual, as a subrogated insurer of WPI, filed a petition for damages sustained by its insured. The petition claimed that the drainage and elevation systems on or surrounding the property were negligently designed, created, installed or maintained. Named as defendants were Randall J. Hebert & Associates (Hebert), N.C. Sturgeon, LP

(Sturgeon), the city of Broussard (Broussard), and St. Martin Economic Development Authority (SMEDA). On November 4, 2016, The Hanover Insurance Company (Hanover), also a subrogated insurer of WPI, filed a similar petition against the same defendants. Liberty Mutual filed an amended petition on February 21, 2017, adding Comeaux Engineering & Consulting, APC (Comeaux) as a defendant. On April 7, 2017, the Liberty Mutual and Hanover suits were consolidated.

All of the original defendants were voluntarily dismissed or dismissed via summary judgment. SMEDA, the last of the original defendants, was dismissed with prejudice after the trial court granted its motion for summary judgment in open court. Liberty Mutual appealed the dismissal of SMEDA, and this court affirmed the dismissal on February 6, 2019. *Liberty Mut. Fire Ins. Co. v. Randall J. Hebert & Associates, Inc.*, 18-496 (La.App. 3 Cir. 2/6/19); 265 So.3d 1089.

On February 5, 2018, St. Martin and Forum filed a joint peremptory exception of prescription, or in the alternative a motion for summary judgment. After reviewing the evidence, the trial court granted the exception finding that the facts of the case were like those in *Renfroe v. State ex rel. Dep't of Transp. & Dev.*, 01-1646 (La. 2/26/02), 809 So.2d 947, and the amended petition was untimely. Liberty Mutual appealed.

III.

**STANDARD OF REVIEW**

When an appellate court reviews a grant of an exception of prescription, the applicable standard of review "is determined by whether evidence was adduced at the hearing of the exception." *Arton v. Tedesco*, 14-1281, p. 3 (La.App. 3 Cir.

2

4/29/15), 176 So.3d 1125, 1128, *writ denied*, 15-1065 (La. 9/11/15); 176 So.3d 1043 "If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review." *Carter v. Haygood*, 04-646, p. 9 (La. 1/19/05), 892 So.2d 1261, 1267 (citations omitted). If the trial court's findings are "reasonable in light of the record reviewed in its entirety," the appellate court may not reverse the judgment. *Id.*

## IV.

## LAW AND DISCUSSION

Ordinarily, a defendant bringing an exception of prescription bears the burden of proving that the claim has prescribed. *Carter*, 892 So.2d 1261. However, when prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to prove that the action has not prescribed *Id.* The claims in this case stem from flood and property damages that occurred on November 6, 2015. "When damage is caused to immovable property, the one-year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage." La.Civ.Code art. 3493. The amended petition adding St. Martin and Forum was filed on August 7, 2017, one year and nine months after the owner acquired knowledge of the damage. Thus, the action had prescribed on its face, and Liberty Mutual and Hanover bore the burden of proving prescription had not occurred.

## INTERRUPTION

Liberty Mutual asserts that the action against Forum has not prescribed because prescription was interrupted. They contend that SMEDA and Forum are

3

joint tortfeasors. Because SMEDA was timely joined, prescription was interrupted as to Forum. Louisiana Civil Code Article 2324 states that "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." "However, a suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to plaintiffs, since no joint or solidary obligation would exist." *Renfroe*, 809 So.2d at 950. By the time of the hearing on the exception, all the original defendants had been dismissed from the case. SMEDA had been dismissed by the trial court through summary judgment, but the matter was pending an appeal by Liberty Mutual. On February 6, 2019, this court affirmed the dismissal and it is now final. Under La.Code Evid. art. 201, we take judicial notice of the outcome of the appeal. We find that because SMEDA was ultimately found not liable, prescription against Forum was not interrupted, and the suit against it is prescribed.

**RELATION BACK**

Liberty Mutual asserts that the action has not prescribed as to St. Martin because the amended petition relates back to the date of the timely-filed original petition. In its ruling, the trial court observed that the facts of this case were like those in *Renfroe* and granted the exception of prescription. We agree. In *Renfroe*, the plaintiff timely filed suit against the Department of Transportation and Development (DOTD. After learning that DOTD was not the proper defendant, the plaintiff filed amended petitions adding two additional defendants after the prescriptive period. DOTD was then dismissed. The Supreme Court held that because the timely-sued defendant was dismissed, prescription against the new

4

defendants was not interrupted and the action had prescribed unless some other basis to revive the suit was found.  Like Liberty Mutual, the plaintiff in *Renfroe* argued that the untimely amended petition related back to the timely filed petition.  The Supreme Court disagreed.

Louisiana Code of Civil Procedure Article 1153 provides:

When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.

The Supreme court has established the following criteria for determining when La.Code Civ.P. art. 1153 allows an amendment which changes the identity of a party sued to relate back to the date of the original petition:

(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;

(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;

(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;

(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

*Ray v. Alexandria Mall, Through St. Paul Prop. & Liab. Ins.*, 434 So.2d 1083, 1087 (La.1983).  For the amended petition to relate back, Liberty Mutual must prove all four of the above factors.

5

The first factor is easily met. Both the original and amended petitions make claims for damages stemming from the same November 2015 flooding. Therefore, the amended action arises out of the same transaction or occurrence.

The second factor is not so easily met. There is no evidence in the record that St. Martin received any notice of the institution of the action within the prescriptive period. Like the plaintiff in *Renfroe*, Liberty Mutual relies on the Supreme Court's decision in *Findley v. City of Baton Rouge*, 570 So.2d 1168 (La.1990), and asserts that notice is not required upon a showing of an "identity of interests" between SMEDA and St. Martin. In *Findley*, the plaintiff was injured in a public park and timely sued the city of Baton Rouge. After learning that the park was owned by Recreation and Park Commission of East Baton Rouge Parish (BREC), the plaintiff filed an untimely amended petition adding BREC as a defendant. The Supreme Court held that,

> when there is an identity of interest between the originally named defendant and the party the plaintiff actually intended to sue, the amendment may relate back, in the absence of prejudice, on the basis that institution of the action against one serves to provide notice of the litigation to the other.

*Id.* at 1171 (citations omitted). It further explained that,

> [s]ufficiency of the identity of interests depends upon the closeness of the relationship between the parties in their business operations and other activities, an identity of interests having been found between a parent corporation and a wholly owned subsidiary, *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99 (1st Cir.1979), and between corporations with interlocking officers or directors, *DeCoelho v. Seaboard Shipping Corp.*, 535 F.Supp. 629 (D.C. Puerto Rico 1982).

*Id.*

6

In *Findley*, the evidence showed that seven of the nine members of BREC were appointed by the city's governing body, BREC used properties and services of the city, the city council made appropriations for BREC, and the city approved its annual budget. Thus, the Supreme Court found that BREC and the city of Baton Rouge had a very close relationship like that between a parent corporation and a subsidiary which created an "identity of interests."

The Supreme Court in *Renfroe* held that there was no "identity of interests," because "[t]he relationship between the DOTD and these other defendants [had] none of the components of a parent corporation and wholly owned subsidiary relationship as was found to be present in *Findley*." *Renfroe*, 809 So.2d at 952. Similarly, we find that Liberty Mutual has failed to show such a relationship between St. Martin and SMEDA. Liberty Mutual contends that an "identity of interests" exists because SMEDA and St. Martin have used the same attorneys, both entities addressed drainage issues in the SMEDA property area, and SMEDA organized a meeting at which the St. Martin president discussed flooding with business owners. Although there is some overlap between St. Martin and SMEDA, these connections do not exhibit the level of control and shared resources characteristic of a parent and subsidiary relationship. We do not find that these connections render the relationship between SMEDA and St. Martin sufficiently close to conclude that institution of the action against one serves to provide notice of the litigation to the other. Thus, we find that Liberty Mutual failed to show an "identity of interests" between SMEDA and St. Martin.

Additionally, the court in Findley found specific evidence that there was an absence of prejudice because BREC did not dispose of any documents, suffer the loss of any witnesses, or lose any opportunity to investigate because the material

gathered in the city's investigation was made available to BREC. No similar evidence was presented in this case to prove that St. Martin would not be prejudiced by maintenance of the untimely suit. Accordingly, we find that Liberty Mutual failed to meet the second factor.

Liberty Mutual also failed to satisfy the third and fourth *Ray* factors. The record does not contain any evidence that St. Martin knew or should have known that, but for a mistake concerning the identity of the proper party defendant, the action would have been brought against it. In *Ray*, the plaintiff mistakenly sued "Alexandria Mall," instead of "Alexandria Mall Company." *Ray*, 434 So.2d 1083. The plaintiff had merely made a mistake as to the name of the party. The record indicates that Liberty Mutual and Hanover intended to sue SMEDA, believing that it was the correct defendant.

The record also lacks any evidence that St. Martin was not a wholly new or unrelated defendant. SMEDA and St. Martin are two separate entities, and the record does not show an "identity of interests." Each entity is a distinct juridical person with the separate capacity to sue and be sued. SMEDA is a Louisiana non-profit corporation created to encourage economic growth and development in St. Martin Parish, Louisiana, whereas the St. Martin Parish Government is a political subdivision of the state. Thus, although there is some overlap between SMEDA and St. Martin regarding the issue of drainage, the parties serve different functions. Furthermore, Liberty Mutual and Forum did not seek to replace SMEDA with St. Martin as the correct defendant but intended to leave SMEDA in the case and add St. Martin as an additional defendant.

8

Liberty Mutual failed to satisfy factors two, three, and four of the *Ray* factors. Thus, we find that the untimely amended petition does not relate back to the date of the original petition, and the action is prescribed.

V.

## CONCLUSION

For the foregoing reasons, we find that the trial court did not manifestly err in granting the joint exception of prescription and dismissing the action against St. Martin and Forum. Accordingly, we affirm the judgment of the trial court. All costs are assessed to Liberty Mutual Fire Insurance Company.

**AFFIRMED.**