CHAISSON, J.
|,Terry and Lainie Collins appeal from a trial court ruling that granted summary judgment in favor of ISS Facility Services, Inc. (“ISS Facility”). For the reasons that follow, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
This case arises from an accident that occurred on February 14, 2012, at a Home Depot store located in Gretna, Louisiana. In their petition for damages, Mr. and Mrs. Collins allege that while Mr. Collins was shopping in the store, he suddenly and without warning slipped and fell on a clear liquid substance that had been allowed to accumulate on the sales floor area. Mr. and Mrs. Collins filed suit against Home Depot on July 25, 2012. Subsequently, on June *920 25, 2014, they amended their petition to add ISS Facility as a defendant, alleging that it had a floor maintenance contract with Home Depot and was present in the store on the day of Mr. Collins’s fall and was therefore responsible for their damages. On July 25, 2014, Home Depot filed a motion for summary judgment on the basis that the plaintiffs could not meet their burden of proof to show that Home Depot either created or had actual or constructive notice of the condition which caused their damages. The trial court granted summary judgment in favor of Home Depot and dismissed plaintiffs’ suit against it with prejudice. That decision was affirmed by this Court on appeal.[1]
After Home Depot was dismissed from the litigation with prejudice, ISS Facility filed a motion for summary judgment on the basis that the plaintiffs’ filing of suit against it was untimely, and their claims had therefore prescribed. The trial court, finding that plaintiffs’ claims had prescribed, rendered judgment in favor of ISS Facility dismissing the claims against it with prejudice. This appeal followed.
|2On appeal, plaintiffs contend that all of the necessary criteria have been met in order that the filing of suit against ISS Facility “relates back” to the date on which suit was initially filed against Home Depot, and that their claims have therefore not prescribed and it was error for the trial court to grant summary judgment in favor of ISS Facility.
DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Bell v. Parry, 10-369 (La. App. 5 Cir. 11/23/10), 61 So.3d 1, 2. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2).
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2). A material fact is one that potentially insures or prevents recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. An issue is genuine if it is such that reasonable persons could disagree; if only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue. Anny v. Babin, 12-164 (La.App. 5 Cir. 7/31/12), 99 So.3d 702, 705, writ denied, 12-1972 (La. 12/14/12), 104 So.3d 441.
Under La. C.C.P. art. 966, the initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The nonmoving party must then produce factual support to | Sestablish that he will be able to satisfy his evidentiary burden of proof at trial. If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. art. 966(C)(2); Bobino v. Jefferson Transit, 12-468 (La.App. 5 Cir. 2/21/13), 110 So.3d 1123, 1125.
Appellate courts review a judgment granting or denying a motion for summary *921 judgment de novo. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Breaux v. Fresh Start Properties, L.L.C., 11-262 (La.App. 6 Cir. 11/29/11), 78 So.3d 849, 852.
In this case, the issue raised in ISS Facility’s motion for summary judgment is one of prescription. Delictual actions are subject to a liberative prescriptive period of one year, which commences to run from the date the injury is sustained. La. C.C. art. 3492. The burden of proof normally lies with the party asserting prescription; however, where the petition shows on its face that it has prescribed, the burden shifts to the plaintiff to prove that the prescriptive period has been interrupted or suspended. Monson v. Travelers Prop. & Cas. Ins. Co., 09-267 (La.App. 5 Cir. 12/8/09), 30 So.3d 66, 69. Plaintiffs amended their suit to add ISS Facility as a defendant on June 25, 2014, for injuries that they allege occurred on February 14, 2012, more than a year prior to adding ISS Facility as a defendant. Therefore, since their petition against ISS Facility is prescribed on its face, the burden shifted to the plaintiffs to establish that prescription had been interrupted or suspended.
Although plaintiffs timely filed suit against Home Depot, and interruption of prescription by suit against one solidary obligor or joint tortfeasor is effective as to all, that principle is not applicable where the defendant against whom suit was timely filed is ultimately found not liable to the plaintiff, since no joint or solidary | obligation would exist. Monson, 30 So.3d at 69. Unable to rely upon any alleged solidary obligation between Home Depot and ISS Facility, plaintiffs instead argue that the filing of suit against ISS Facility “relates back” to the date on which suit was initially filed against Home Depot.
La. C.C.P. art. 1153 provides that “[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.” In Ray v. Alexandria Mall, 434 So.2d 1083 (La. 1983), the Louisiana Supreme Court set forth the criteria that must be met in order for an amendment that changes the identity of the party sued to relate back to the date of filing of the original petition, namely:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; and
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
In addressing the fourth criteria of the test established in Ray, plaintiffs, citing the case of Findley v. City of Baton Rouge, 570 So.2d 1168 (La. 1990), argue that there is an “identity of interests” between Home Depot and ISS Facility, such that ISS Facility is not a wholly new or unrelated defendant. Specifically, plaintiffs *922 argue that there is an indemnification agreement wherein ISS Facility agreed to indemnify Home Depot for any liability that arose against Home Depot for neglect of its responsibility to maintain the condition of the aisles of the store, |fithat both Home Depot and ISS Facility used the same adjusting agency to adjust the plaintiffs’ claims against them, and that both entities employed the same attorneys to defend them against the plaintiffs’ claims. We do not find plaintiffs’ arguments regarding an identity of interests between Home Depot and ISS Facility to be persuasive.
In Findley, the Court, in addressing the issue of whether an amended petition that named the Recreation and Park Commission for the Parish of East Baton Rouge (“BREC”) as a defendant, related back for the purposes of prescription under La. C.C.P. art. 1153 to the date of filing of the original petition against the City of Baton Rouge, determined that “[sjufficieney of the identity of interests depends upon the closeness of the relationship found between the parties in their business operations and other activities ...” Findley, 570 So.2d at 1171. The Court noted that other courts had found such identity of interests to exist in situations involving a parent corporation and a wholly owned subsidiary, and in situations involving corporations with interlocking officers or directors. Id. (citations omitted). The Court, noting that the City’s governing body and its chief executive appoint seven of the nine members of BREC, that the City council makes appropriations for BREC, that BREC utilizes the services of various City agencies for its operating functions, that BREC is part of and subject to the personnel system for City employees, and that the City planning commission has the power to approve or disapprove each item of BREC’s capital budget and must also approve BREC’s issuance of bonds and certificates of indebtedness, recognized that such elements of control were similar to that existing between corporations with interlocking ownership, and likened the relationship between BREC and the City to that between a parent corporation and a subsidiary which is a separate legal entity. Findley, 570 So.2d at 1171-72. The Court therefore found that there was a sufficient identity of interests between the two defendants such Inthat the amended petition related back to the date of filing of the original petition. We find the facts of Findley are distinguishable from the facts before us in this case.
In the case before us, we find that plaintiffs have not produced any evidence that establishes an element of control that would allow us to analogize the relationship between Home Depot and ISS Facility to that of corporations with interlocking ownership, or to that of a parent corporation and its subsidiary. To the contrary, Home Depot and ISS Facility appear to be legally separate and distinct corporate entities, with their relationship being that of principal and independent contractor. Plaintiffs have produced no evidence that suggests interlocking ownership, officers, directors or employees of the two corporations. Nor have plaintiffs produced any evidence that establishes a financial interrelatedness or dependence between the two corporations. The mere fact that there is an indemnification agreement between the two corporations, and that they employ the services of the same adjusting agency and attorneys, is not sufficient to establish an element of control or closeness of relationship that would allow a determination that there is an identity of interests between the two. As the Court noted in Findley, the rule that allows relation back of an amended petition under certain circumstances was not intended to apply when the amendment sought to name a new and unrelated defendant. Findley, 570 So.2d at 1170.
*923 Furthermore, even if we were to give plaintiffs the benefit of the doubt that, because of the indemnification agreement between Home Depot and ISS Facility, and the use of a single adjusting agency and the same attorneys, they were confronted with a “legalistic smoke screen” or a “maze of closely related corporate entities” that led to their inadvertent error of naming the wrong defendant, any such confusion of the plaintiffs was clearly removed once Home Depot answered plaintiffs’ discovery on April 3, 2018. In those answers, Home Depot indicated |7that it had a contract with ISS Facility to perform maintenance on the floor of the premises and that ISS Facility was providing cleaning services at the time of Mr. Collins’s accident, clearly establishing that the relationship between Home Depot and ISS Facility was that of principal and independent contractor. Therefore, even if prescription had previously been interrupted, there can be no justification for prescription not to have begun to run anew on April 3, 2013. As such, plaintiffs’ claims would have prescribed no later than April 3, 2014. Plaintiffs did not amend their petition to name ISS Facility as an additional defendant until more than a year later, on June 25, 2014.
CONCLUSION
Upon our de novo review, we find that the filing of the amended petition against ISS Facility does not relate back to the filing of the original petition against Home Depot. Therefore, plaintiffs’ claims against ISS Facility have clearly prescribed, and ISS Facility is entitled to summary judgment as a matter of law, dismissing the plaintiffs’ suit with prejudice.
AFFIRMED

. Collins v. Home Depot, U.S.A., Inc., 15-199 (La.App. 5 Cir. 12/9/15), 182 So.3d 324.