MARY ANN CHOINA

VERSUS

ARCHBALD MELCHER, M.D. AND EAST
JEFFERSON NEUROLOGICAL ASSOCIATES

NO. 21-CA-537

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 775-468, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING

March 30, 2022

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Hans J. Liljeberg

**AFFIRMED**
 **JGG**
 **MEJ**
 **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
MARY ANN CHOINA
    Anthony L. Glorioso

COUNSEL FOR DEFENDANT/APPELLEE,
ARCHIBALD MELCHER, M.D.
    Raymond R. Egan, III

**GRAVOIS, J.**

In this medical malpractice suit concerning medical care provided to the deceased plaintiff, Mary Ann Choina, substitute plaintiff, Lori Choina Lucia, Ms. Choina's daughter, appeals the trial court's April 20, 2021 judgment which granted a motion for summary judgment filed by defendant, Dr. Archibald Melcher. In his motion for summary judgment, Dr. Melcher argued that because plaintiff failed to produce an expert to support her medical malpractice claims, she will not be able to sustain her burden of proof at trial. In opposition, plaintiff argued that expert testimony is not necessary in this case because this is a case of obvious negligence and the doctrine of *res ipsa loquitur* is applicable. Upon *de novo* review, we find that it is necessary for plaintiff to present factual support through expert testimony to establish the standard of care and prove that Dr. Melcher breached the standard of care while conducting the nerve conduction examination of Ms. Choina. We further find that the doctrine of *res ipsa loquitur* is not applicable in the present case, as the evidence presented fails to eliminate other possible causes of Ms. Choina's injury, including her own actions. Accordingly, for the reasons set forth below, we affirm the trial court's judgment under review.

**FACTS AND PROCEDURAL HISTORY**

On June 20, 2016, Mary Ann Choina filed a medical malpractice complaint with the Louisiana Division of Administration, alleging malpractice by Jefferson Parish Hospital District 2, Parish of Jefferson d/b/a East Jefferson General Hospital, Dr. Archibald Melcher, and East Jefferson Neurological Associates. In her complaint, Ms. Choina alleged that on June 24, 2015, while Dr. Melcher was conducting a nerve conduction examination, she was laying on her back on the examining table. Dr. Melcher stated that he needed her to turn so that he could have access to her left leg and instructed her to swing her right leg and foot over. While following Dr. Melcher's instructions, Mr. Choina's right foot allegedly

struck a table located near the examining table, causing a dislocation of her right little toe.

The medical review panel convened and issued its opinion on June 28, 2017, finding that the evidence presented did not support the conclusion that defendants failed to meet the applicable standard of care. Specifically, as to the claims against Dr. Melcher and East Jefferson Neurological Associates, the medical review panel found: 1) the defendants' equipment and bed setup was within the standard of care; and 2) after Ms. Choina's toe injury, Dr. Melcher showed extreme diligence and concern by immediately sending her to see an orthopedic surgeon.

On August 31, 2017, Ms. Choina filed a petition for damages against Dr. Melcher and East Jefferson Neurological Associates. Therein, she asserted the same factual allegations that she had asserted in her medical malpractice complaint filed with the Louisiana Division of Administration. She claimed that the substandard care rendered by Dr. Melcher and East Jefferson Neurological Associates included but was not limited to: 1) breaching the standard of care required of physicians, surgeons, and medical care providers; and 2) failing to properly diagnose, treat, and instruct Ms. Choina.

On February 25, 2021, Dr. Melcher filed a motion for summary judgment, alleging that to date, Ms. Choina had failed to identify any experts who will contradict the opinion of the medical review panel, and thus there is no genuine issue as to material fact that she will not be able to sustain her burden of proof. In support of his motion, Dr. Melcher included a copy of the medical review panel opinion. He also included discovery requests and responses. Therein, Dr. Melcher requested that Ms. Choina name any expert with whom she had consulted and provide copies of any expert reports. In her responses, Ms. Choina named as experts Dr. Melcher and Dr. Melvin Parnell, an orthopedist who treated her. No report was identified or included with the responses. Dr. Melcher also attached

responses to requests for admissions where Ms. Choina admitted that she had not retained an expert to contradict the medical review panel opinion. Additionally, Dr. Melcher explained that only he and Ms. Choina were in the examination room at the time of the incident in question. Accordingly, since Ms. Choina died on May 6, 2020,[1] he asserted that plaintiff will not be able to contradict his defenses.

In her opposition to the motion for summary judgment, substitute plaintiff Ms. Lucia argued that expert medical testimony is not required in this case. She alleged that the medical and factual assertions by her mother against Dr. Melcher, if correct, are sufficient to allow the trier of fact to determine negligence without testimony from a medical expert. Additionally, she argued that the doctrine of *res ipsa loquitur* applied in this case since Dr. Melcher's negligence was the obvious cause of her mother's injury. She argued that there is no reasonable doubt that the injury to her mother's little toe was caused by the treatment she received during Dr. Melcher's examination.

A hearing on the motion for summary judgment was held on April 20, 2021.[2] At the conclusion of the hearing, the trial court granted Dr. Melcher's motion for summary judgment. In its oral reasons for judgment, the trial court found that an expert was necessary to satisfy the burden of proof regarding the breach in the standard of care. The trial court further found that the doctrine of *res ipsa loquitur* was not applicable because the evidence in the present case does not eliminate other possible causes of the injury, specifically Ms. Choina's own acts of negligence. Finally, the trial court stated that even if viewed as a claim of ordinary negligence, there is nothing in the record to establish genuine issues as to material

---

[1] On March 25, 2021, Lori Choina Lucia, Ms. Choina's daughter, was substituted as plaintiff in this matter.

[2] During the hearing, plaintiff's counsel made an argument that plaintiff's case is not a medical malpractice case, but rather is a general negligence case. This argument was not raised prior to the hearing and has not been raised on appeal.

fact regarding any negligence by Dr. Melcher at this point. On that same day, the trial court signed a written judgment, granting Dr. Melcher's motion for summary judgment and dismissing all claims against him with prejudice. This timely appeal followed.

## LAW AND ANALYSIS

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue as to material fact. *Collins v. Home Depot, U.S.A. Inc.*, 16-516 (La. App. 5 Cir. 3/15/17), 215 So.3d 918, 920; *Bell v. Parry*, 10-369 (La. App. 5 Cir. 11/23/10), 61 So.3d 1, 2. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). After an opportunity for adequate discovery, a motion for summary judgment "shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3); *See also Chauvin v. Shell Oil Co.*, 16-609 (La. App. 5 Cir. 10/25/17), 231 So.3d 903, 907, *writ denied*, 17-1985 (La. 1/29/18), 233 So.3d 607. The mover's burden on the motion for summary judgment, when he does not bear the burden of proof at trial, requires him "to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. C.C.P. art. 966(D)(1). The opposing party's burden is to "produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

Appellate courts review a judgment granting or denying a motion for summary judgment *de novo*. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue as to material fact, and whether the mover is entitled to

judgment as a matter of law. *Dorsey v. Purvis Contracting Grp., LLC*, 17-369 (La. App. 5 Cir. 12/27/17), 236 So.3d 737, 741, *writ denied*, 18-0199 (La. 3/23/18), 239 So.3d 296.

In a medical malpractice action, a plaintiff must prove by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury. La. R.S. 9:2794. Expert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880, 884; *Pfiffner v. Correa*, 94-0924 (La. 10/17/94), 643 So.2d 1228.

In *Pfiffner*, the court held:

> … [E]xpert testimony is not always necessary in order for a plaintiff to meet his burden of proof in establishing a medical malpractice claim. Though in most cases, because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain his burden of proving his claim under [La.] R.S. 9:2794's requirements without medical experts, there are instances in which the medical and factual issues are such that a lay jury can perceive negligence in the charged physician's conduct as well as any expert can, or in which the defendant/physician testifies as to the standard of care, and there is objective evidence, including the testimony of the defendant/physician which demonstrates a breach thereof. Even so, the plaintiff must also demonstrate by a preponderance of the evidence a causal nexus between the defendant's fault and the injury alleged.

*Id*. at 1234.

There, the court provided examples of acts of obvious negligence in a medical malpractice action that would not require the plaintiff to present expert testimony, such as "where the physician does an obviously careless act, such as fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient or leaving a sponge in a patient's body." *Id* at 1233-34.

On appeal, plaintiff does not dispute that she has not named a medical expert, but argues that the trial court erred in granting the motion for summary judgment because the trier of fact does not need expert medical testimony to perceive Dr. Melcher's alleged negligence. She argues that the facts of the present case constitute the exception described in *Pfiffner*, *supra*. She claims that the allegations made in the medical malpractice complaint, the petition for damages, and the answers to interrogatories, if proven, are sufficient to allow the trier of fact to determine if Dr. Melcher's actions constituted negligence without the testimony of an expert medical witness.

Upon *de novo* review, we find that this case is not a case of obvious negligence such that no expert testimony is needed for plaintiff to prove the elements of her malpractice claim. In her petition, plaintiff claims that Ms. Choina's injuries were a result of Dr. Melcher's failure to properly diagnose, treat, and instruct her. We find that it is necessary for plaintiff to present factual support through expert testimony to establish the standard of care and prove that Dr. Melcher breached the standard of care while conducting the nerve conduction examination of Ms. Choina. Specifically, expert testimony is needed to determine the procedure for conducting a nerve conduction examination, what equipment is used during the test, and how it is properly set up.

Plaintiff also argues that the doctrine of *res ipsa loquitur* applies in the present case; therefore, no expert testimony is needed. She claims that Dr. Melcher's negligence is the obvious cause of her injury.

*Res ipsa loquitur* is a rule of circumstantial evidence which allows an inference of negligence on the part of the defendant if the facts indicate the defendant's negligence, more probably than not, caused the injury. *Linnear v. CenterPoint Energy Entex/Reliant Energy*, 06-3030 (La. 9/5/07), 966 So.2d 36, 45. It applies in cases involving circumstantial evidence, rather than direct evidence,

provided that the plaintiff establishes the following foundation of facts: (1) the injury is of the kind which does not ordinarily occur in the absence of negligence; (2) the evidence sufficiently eliminates other possible causes of the injury, such as the plaintiff's own responsibility or the responsibility of others; and (3) the alleged negligence of the defendant must fall within the scope of his duty to the plaintiff, which will often be the case if the defendant had exclusive control of the thing or situation that caused the injury to the plaintiff. *Id.*

The doctrine of *res ipsa loquitur* is not a substitute for factual evidence; it is applied after the factual evidence has been submitted, and then only if there is sufficient circumstantial evidence to suggest that the only reasonable cause of the plaintiff's injury, in the context of a medical malpractice action, is the defendant's breach of the standard of care. *Salvador v. Main St. Family Pharmacy*, *L.L.C.*, 17-1757 (La. App. 1 Cir. 6/4/18), 251 So.3d 1107, 1113.

Upon *de novo* review, we find that the doctrine of *res ipsa loquitur* is not applicable in the present case. We find, as the trial court stated in its oral reasons for judgment, that the evidence presented fails to eliminate other possible causes of Ms. Choina's injury, including her own actions.

Accordingly, we find that Dr. Melcher properly pointed out an absence of support for plaintiff's medical malpractice claims. Thereafter, we find that plaintiff failed to produce evidence sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial. Thus, Dr. Melcher is entitled to judgment as a matter of law.

## DECREE

For the foregoing reasons, we affirm the trial court's judgment granting Dr. Melcher's motion for summary judgment and dismissing plaintiff's claims against him.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 30, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-537

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
RAYMOND R. EGAN, III (APPELLEE)

**MAILED**
ANTHONY L. GLORIOSO (APPELLANT)
ATTORNEY AT LAW
412 DOLHONDE STREET
GRETNA, LA 70053