TRANSAMERICA LIFE INSURANCE COMPANY

VERSUS

BRUCE FUSELIER JR. AND TONYA I. GEGENHEIMER

NO. 23-CA-138

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 759-140, DIVISION "D"
HONORABLE ROBERT J. BURNS, JUDGE PRO TEMPORE, JUDGE
PRESIDING

November 29, 2023

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Marc E. Johnson

**AFFIRMED**
  **SMC**
  **FHW**
  **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
TRANSAMERICA LIFE INSURANCE COMPANY
    Kelly Gayle Juneau Rookard
    Edward W. Trapolin
    Gretchen F. Richards

COUNSEL FOR DEFENDANT/APPELLANT,
TONYA I. GEGENHEIMER
    John E. Sudderth
    Leo M. Prange, III
    Kate C. Casanova

**CHEHARDY, C.J.**

In this dispute over death benefits owed under a life insurance policy issued by Transamerica Life Insurance Company ("Transamerica") insuring the life of Jody Darlington Fuselier, Tonya Gegenheimer ("Tonya"), appeals the trial court's September 20, 2022 judgment that (1) granted summary judgment in favor of Transamerica, dismissing Tonya's claim against it for bad faith penalties pursuant to La. R.S. 22:1973 at her costs, and (2) denied Tonya's motion for partial summary judgment, finding that Transamerica was not arbitrary, capricious, or without probable cause at the time it invoked a concursus proceeding and placed the proceeds of Jody Fuselier's life insurance policy into the registry of the court.

On *de novo* review, applying the law to the facts of this case, we find that Transamerica had a reasonable basis upon which to invoke a concursus proceeding, and that the trial court did not err in ruling in favor of Transamerica and against Tonya, dismissing her claim for bad faith penalties at her cost. For the following reasons, we affirm the trial court's judgment.

## PROCEDURAL HISTORY

This case arises out of a dispute involving death benefits owed under two separate life insurance policies issued by Transamerica to (1) Bruce Fuselier, Sr. (Policy No. 41579883 – "Bruce, Sr.'s Policy"), and to (2) Jody Darlington Fuselier (Policy No. 41579877 – "Jody's Policy"). Bruce, Sr. and Jody were husband and wife. Alleging there were rival claims to the death benefits due under both policies, Transamerica invoked a concursus proceeding on March 23, 2016, and placed the proceeds of the policies into the registry of the court. On September 30, 2016, Tonya, a rival claimant to the proceeds of both Bruce, Sr.'s and Jody's policies, answered Transamerica's petition for concursus and asserted a reconventional demand against Transamerica, alleging bad faith conduct associated

with Transamerica's handling of the purported rival claims to the proceeds of the policies.[1]

On August 13, 2019, Transamerica filed its first motion for summary judgment seeking dismissal of Tonya's claims for bad faith damages and penalties made pursuant to La. R.S. 22:1811 and La. R.S. 22:1973. Subsequently, on October 9, 2019, Tonya moved for summary judgment against Transamerica, suggesting to the court that there existed no genuine issue of material fact that Transamerica violated La. R.S. 22:1973(A)(B)(5), because it arbitrarily, capriciously, or without probable cause failed to pay the proceeds of Jody's Policy to her within sixty (60) days of its receipt of satisfactory proof of loss and, therefore, she was entitled to judgment as a matter of law. Following a hearing on the cross-motions for summary judgment held on November 13, 2019, the trial court denied both party's motions stating that it needed to "flush out the facts," and needed to know "what did [Transamerica] know and when did they know it." Additionally, the trial court emphasized that, prior to making a decision, it wanted to hear "from the witnesses about when the claims were made on [Jody's] policy and by whom." A written judgment denying the cross-motions for summary judgment was signed on December 9, 2019, and this Court affirmed. *See Transamerica Life Insurance Company v. Fuselier*, 20-15 (La. App. 5 Cir. 3/16/20) (unpublished writ disposition), *writ denied*, 20-507 (La. 7/2/20), 287 So.3d 768.

Over the next several years, the parties engaged in additional discovery regarding Tonya's claim for bad faith damages, after which Transamerica filed a second motion for summary judgment on February 25, 2021, seeking to have Tonya's claims dismissed. On February 14, 2022, Tonya filed a second cross-

---

[1] Tonya subsequently withdrew her bad faith claim against Transamerica for its handling of Bruce, Sr.'s policy due to fraud allegations by both parties. Thus, according to Tonya, it is only Transamerica's actions pertaining to Jody's Policy that are relevant for the sole remaining bad faith claim, which is the basis for the instant appeal.

motion for partial summary judgment on the issue of Transamerica's bad faith conduct for invoking the concursus proceeding and placing the proceeds of Jody's Policy into the registry of the court. A hearing on the cross-motions for summary judgment was held on September 15, 2022. At the close of the hearing, the trial court ruled from the bench and assigned oral reasons. The trial court granted Transamerica's motion for summary judgment, denied Tonya's motion for partial summary judgment, and assessed all costs to Tonya. A written judgment to this effect was signed on September 20, 2022.

Tonya now appeals that judgment.

## FACTUAL BACKGROUND

On March 29, 1999, sixteen years prior to her death, Jody applied to Transamerica for a life insurance policy (Policy No. 41579877), as both owner and insured. The application sought $1,000,000 of term life coverage and originally named Bruce, Sr., spouse, as primary beneficiary, and Doris Skinner, friend, as contingent beneficiary.[2] From 2005 to 2011, Jody submitted five change of beneficiary designations, the last of which was executed on October 1, 2011, which named Bruce, Sr. as primary beneficiary and Susan Bunney, friend, as contingent beneficiary.[3]

---

[2]     On March 26, 1999, Bruce Fuselier, Sr., husband to Jody, also applied to Transamerica for a life insurance policy (Policy No. 41579883) in the face amount of $1,000,000, as owner and insured. On April 2, 2004, Bruce, Sr. executed an assignment to transfer ownership of his life insurance policy to Jody. The transfer of ownership was confirmed by Transamerica on May 17, 2004. Bruce, Sr. died on September 16, 2015. Once Jody became owner of Bruce, Sr.'s Policy, Jody submitted numerous beneficiary change forms, always maintaining herself as the primary beneficiary. At the time of Bruce, Sr.'s death, Jody was the named primary beneficiary under his policy, and Susan Bunney was named the contingent beneficiary.

[3]     The record indicates that on September 29, 2005, Jody submitted a beneficiary change form changing her primary beneficiary to John W. Pearce, and named Bruce, Sr. as her contingent beneficiary. On March 7, 2007, Jody submitted a beneficiary change form restoring Bruce Sr. as the primary beneficiary to her policy, and naming Susan Bunney as the contingent beneficiary. On December 23, 2010, a beneficiary change form was submitted by Jody naming Tonya Gegenheimer ("friend/caretaker") as the primary beneficiary and Todd Gegenheimer as the contingent beneficiary. On July 7, 2011, Jody submitted another change of beneficiary form naming Bruce, Sr. as the primary beneficiary and "Tony" Gegenheimer ("friend") as contingent beneficiary. Three months later, on October 1, 2011, Jody submitted a change of beneficiary form naming Bruce, Sr. as the primary beneficiary and Susan Bunney as the contingent beneficiary. There were no further beneficiary change forms executed by Jody after October 11, 2011, until September 30, 2015.

The affidavit of Dr. Gilbert G. Stock, which was admitted into evidence at the summary judgment hearing, attests that between August 29, 2015, and September 15, 2015, Jody presented to East Jefferson General Hospital ("EJGH") on several occasions for outpatient testing indicating a deep tissue infection, along with metabolic acidosis. It was in the midst of addressing her own medical issues that Jody's husband, Bruce, Sr., died on September 16, 2015.[4] On that same day, Jody was admitted to EJGH for inpatient care due to a worsening of cellulitis and the breaking down of her skin. On September 24, 2015, Jody was transferred to St. Teresa's, a long-term acute care facility located within EJGH, where she resided until her death two months later.

On September 30, 2015—two weeks after her husband's death, and only six days after her admission to the long-term care facility—through her power of attorney granted to Tonya,[5] Jody executed the last beneficiary change form for her policy, changing her primary beneficiary from Bruce, Sr. to Tonya, as "Irrevocable" primary beneficiary, and naming Todd Gegenheimer, as contingent beneficiary.

Jody died on November 25, 2015. Transamerica was notified of Jody's death on November 30, 2015, by Bruce Fuselier, Jr. ("Bruce, Jr."), only son and sole heir of Jody.[6] There is a notation in Transamerica's claim file indicating that at the time Bruce, Jr. notified Transamerica of Jody's death, he also advised that Tonya was not to be "authorized on the policy," and that he was contacting a lawyer. In a letter to Transamerica from Bruce, Jr.'s counsel dated November 30, 2015, Transamerica was advised that Bruce, Jr., as the "lone-child" of Jody, believed he was the beneficiary of Jody's Policy and intended to "file suit to claim

---

[4]    Prior to her death, Jody made a claim on Bruce, Sr.'s Policy, so upon her death, Jody's estate became the beneficiary of the proceeds of Bruce, Sr.'s Policy.

[5]    On October 18, 2011, Jody executed a durable power of attorney to Tonya.

[6]    The record shows that Bruce, Jr. was adopted by Bruce, Sr., and was his only child.

all such life insurance proceeds …," and made "formal demand that no payments shall be issued to any such persons other than [Bruce, Jr.] until such time as the issue of beneficiary, if any, is resolved to [[Bruce, Jr.'s] satisfaction."

As previously noted, as of the date of Jody's death, Tonya was listed as the "irrevocable" primary beneficiary of Jody's Policy. As such, in a December 8, 2015 letter, Transamerica notified Bruce, Jr.'s counsel that Tonya was making a claim to the proceeds. Additionally, because Bruce, Jr. had never been named a beneficiary on Jody's Policy according to Transamerica's records, the letter requested that Bruce, Jr. provide a basis for his belief that he was the policy's beneficiary.

Also on December 8, 2015, Transamerica sent a letter to Tonya advising that Bruce Jr. was likewise making a claim against the proceeds of Jody's Policy and that Transamerica would "consider this matter a rival claimant issue." Further, Transamerica advised that it was a "neutral stakeholder," and stated that if the rival claimants could not reach an agreement as to the payment of the proceeds, it reserved its rights to interplead the funds and allow the court to decide to whom the proceeds should be paid.

In response to Transamerica's request that Bruce, Jr. state why he believed himself to be the beneficiary to the proceeds of Jody's Policy, Bruce, Jr. submitted a statement dated December 9, 2015, claiming that Jody, his mother, was "medically incapable of executing documents for several years and was both mentally and physically incapacitated well before her death." In support, Bruce, Jr. submitted a judgment of possession rendered in *In re Succession of Jody Darlington Fuselier*, Twenty-Fourth Judicial District Court, Parish of Jefferson, No. 755-847, division "B," signed on December 9, 2015, recognizing him as the sole heir of Jody's estate, and advised that, as such, he was making a claim to the

proceeds on behalf of her estate.[7] Thereafter, on December 28, 2015, Bruce, Jr. submitted an original copy of Jody's death certificate to Transamerica.

On December 30, 2015, Transamerica sent Tonya a follow-up letter, acknowledging that it had not yet heard back from Tonya since sending her the December 8, 2015 correspondence notifying her of Bruce, Jr.'s rival claim against the proceeds of Jody's Policy. The letter advised Tonya that if Transamerica did "not hear back from [her] by January 8, 2016, [it] may conclude that [she was] no longer interested in pursuing [her] claim" for the proceeds of Jody's Policy.

On January 6, 2016, through her counsel, Tonya responded to Transamerica and advised that the paperwork that Bruce, Jr. submitted to Transamerica relative to Jody's estate was potentially fraudulent, because despite Bruce, Jr.'s representation to the court, that neither Bruce, Sr. nor Jody died leaving a last will and testament, both decedents, in fact, died testate "excluding Bruce, Jr. from any inheritance." Tonya's counsel provided Transamerica with original copies of both decedents' wills, which were executed by Bruce, Sr. and Jody in December 2010,[8] and advised, accordingly, that Tonya was contesting the distribution of the proceeds under both Bruce, Sr.'s Policy and Jody's Policy.[9] In that same letter, counsel for Tonya directed Transamerica, "DO NOT DISTRIBUTE PROCEEDS FROM THESE POLICIES AT THIS TIME."

---

[7] It is important to note that, after Bruce, Sr.'s death, but prior to her own, Jody, as primary beneficiary, made a claim for the proceeds under Bruce, Sr.'s Policy. Consequently, upon her death, those proceeds flowed to Jody's estate. Transamerica was provided with a certified copy of Bruce, Sr.'s death certificate by Bruce, Jr. Upon receipt of the December 9, 2015 judgment of possession placing Bruce, Jr., as Jody's sole heir, into possession of Jody's estate, which included the proceeds of Bruce, Sr.'s Policy, pursuant to a demand by Bruce, Jr's counsel, Transamerica issued a check to Bruce, Jr. and his counsel's law firm for the proceeds of Bruce, Sr.'s Policy (less the amount of an assignment covering the costs of Bruce, Sr.'s funeral expenses). It was later determined that these proceeds were paid by Transamerica in error, as Jody, in fact, died testate.

[8] The information provided by Tonya's counsel indicated that Jody died testate leaving a December 16, 2010 will naming Tonya Gegenheimer as her succession representative and sole legatee.

[9] In response to the information provided by Tonya's counsel, Transamerica issued a stop-payment on the check issued to Bruce, Jr. and his counsel for the proceeds of Bruce, Sr.'s Policy; however, Transamerica was advised that the check had already been cashed and placed into the law firm's trust account.

On February 19, 2016, in the parallel succession proceedings, Tonya filed a petition to annul the December 9, 2015 judgment of possession declaring Bruce, Jr. to be the sole heir of Jody's estate. On March 16, 2016, Bruce, Jr. filed an answer to Tonya's petition to annul, alleging fraudulent misrepresentation and undue influence by Tonya, and asserting Jody's mental incapacity.[10]

On March 23, 2016, with Tonya and Bruce, Jr. continuing to litigate their respective rights in Jody's succession proceeding, and having reached no agreement or resolution as to their rival claims to the proceeds of Jody's Policy, Transamerica instituted the instant concursus proceeding. Tonya filed an answer to Transamerica's petition for concursus on September 30, 2016, and asserted a reconventional demand against Transamerica seeking damages, penalties, and attorney's fees for Transamerica's alleged bad faith conduct in failing to timely pay the proceeds of Jody's Policy to her after having received satisfactory proof of loss.

On November 3, 2016, Transamerica filed a first amended petition for concursus wherein it added Susan Bunney as a potential beneficiary. Transamerica alleged that, if Bruce, Jr.'s allegations of Jody's mental incapacity prior to her death were proven true, the September 30, 2015 beneficiary change form would be unenforceable, making Susan Bunney the rightful beneficiary to the proceeds of Jody's Policy.

Bruce, Jr. answered Transamerica's petition for concurcus on November 16, 2016, wherein he claimed that the rightful beneficiary to the proceeds of Jody's Policy was Jody's estate. Specifically, Bruce, Jr. alleged that after 2011, Jody's

---

[10] In his answer, Bruce, Jr. specifically averred that Tonya committed fraud in following respects: (a) The exertion of undue influence on a mentally ill and incapacitated person in Bruce Fuselier Sr. and Jody Darlington Fuselier; (b) Misrepresentations of the insurable interest of Tonya Gegenheimer to the insurance proceeds and other assets of Bruce Fuselier Sr. and Jody Darlington Fuselier; (c) Misrepresentations of the mental capacity of Bruce Fuselier Sr. and Jody Darlington Fuselier; (d) Misrepresentations of the nature and extent of care that would be provided by Tonya Gegenheimer to the testators; and (e) Other acts as may be proven at the trial of this matter.

mental condition had deteriorated to the extent that she lacked the physical and mental capacity to legally contract. Consequently, Bruce, Jr. averred that, due to her mental incapacity and inability to enter into a legally binding contract, Jody died intestate, leaving her only child, Bruce, Jr., as the sole heir of her estate. Further, Bruce, Jr. claimed that any and all changes of beneficiary forms and last will and testaments of Jody Fuselier were, likewise, invalid since they were executed without Jody's proper legal consent.

Susan answered Transamerica's amended petition on January 19, 2017. In her answer, Susan, in essence, confirmed Bruce, Jr.'s allegations of Jody's incapacity by alleging that Jody was medically incapable of executing documents for several years and was both mentally and physically incapacitated well before her death.

On May 25, 2017, Transamerica issued a check for deposit into the registry of the Jefferson Parish Court in the amount of $1,103,771.27, representing the proceeds from Jody's Policy (minus a funeral home assignment covering the cost of Jody's funeral expenses), statutory interest at 8% from December 28, 2015, to May 30, 2017, and a premium refund.[11] The record indicates that Bruce, Jr. voluntarily dismissed his claims to his parents' estates and renounced his claim to the proceeds of both Bruce, Sr. and Jody's life insurance policies on November 15, 2017.

On August 23, 2018, Tonya moved for summary judgment against Susan Bunney seeking an order declaring Tonya to be the rightful beneficiary to the proceeds of Jody's Policy. Specifically, Tonya averred that Susan could not carry her burden of proving that Jody was mentally or physically incapacitated "well before her" death. Additionally, Tonya claimed for the first time in these

---

[11]   At that time, Transamerica requested that counsel for Bruce, Jr. also place into the registry of the court the checks previously issued under Bruce, Sr.'s Policy.

proceedings that, pursuant to La. C.C. art. 1926, the named irrevocable beneficiary designation could not be challenged. Susan opposed Tonya's motion, attaching the previously referenced affidavit of Dr. Stock in support her contention that at the time Jody executed the final beneficiary change form on September 30, 2015, she was medically incapable of doing so.

Tonya's motion for summary judgment was granted on December 20, 2018, wherein the trial court held that Tonya, not Susan Bunney, was the rightful beneficiary of Jody's Policy proceeds, and Susan was dismissed from the concursus proceeding. After filing a suspensive appeal, on February 7, 2019, Susan filed a voluntary motion to dismiss the appeal and all claims, interests, or rights to any of the proceeds of Jody's Policy. Accordingly, the trial court issued judgment on February 14, 2019, ordering the Clerk of Court for the Parish of Jefferson to disburse the proceeds of Jody's Policy, plus all applicable interest, to Tonya in the amount of $1,125,410.76. Although the proceeds of Jody's Policy had been disbursed to Tonya, she maintained and continued to pursue her claim for bad faith damages and penalties against Transamerica.

On February 25, 2021, Transamerica filed a motion for summary judgment seeking dismissal of Tonya's bad faith claims. In support, Transamerica attached the January 28, 2021 report of its expert in insurance claims handling, Dr. Louis G. Fey, Jr., who opined that Transamerica did not violate any claims handling standards at the time it initiated the concursus proceeding. Specifically, he concluded that in light of the rival claims to the policy proceeds and the allegations of fraud and incapacity, there was no other viable option for Transamerica to protect itself from multiple claims than invoking a concursus proceeding.

Nearly a year later, Tonya filed a cross motion for summary judgment against Transamerica. In her motion, Tonya sought a ruling by the trial court that Transamerica had, in fact, violated La. R.S. 22:1973 and acted in bad faith by

failing to pay Tonya, the rightful beneficiary, the proceeds to Jody's Policy within sixty days of December 28, 2015, when it received the certified copy of Jody's death certificate.

Transamerica and Tonya's cross-motion came for hearing on September 15, 2022. In accordance with the oral reasons provided by the trial court at the close of the hearing, a written judgment was issued on September 20, 2022, which granted summary judgment in favor of Transamerica, dismissing Tonya's bad faith claims against it at her costs, and denied Tonya's motion for partial summary judgment against Transamerica. This appeal followed.

## ISSUES PRESENTED ON APPEAL

On appeal, Tonya contends the trial court erred in granting Transamerica's motion for summary judgment and assessing costs to her, and in denying her motion for summary judgment. Tonya raises two issues for this Court's *de novo* review: (1) whether Transamerica acted in bad faith pursuant to La R.S. 22:1973 in opening a concursus proceeding on the basis that Bruce, Jr. was a valid competing claimant to Jody's life insurance proceeds, rather than paying the proceeds of Jody's Policy to her, the actual named irrevocable beneficiary; and (2) whether Transamerica violated La. R.S. 22:1973(B)(1) by misrepresenting facts or insurance provisions to Tonya relating to the coverage at issue.

## LAW AND ANALYSIS

### *Summary Judgment and Standard of Review*

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue as to material fact. *Collins v. Home Depot, U.S.A. Inc.*, 16-516 (La. App. 5 Cir. 3/15/17), 215 So.3d 918, 920. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). After an opportunity for adequate discovery, a motion for summary judgment "shall be

granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3); *See also Chauvin v. Shell Oil Co.*, 16-609 (La. App. 5 Cir. 10/25/17), 231 So.3d 903, 907, *writ denied*, 17-1985 (La. 1/29/18), 233 So.3d 607. The mover's burden on the motion for summary judgment, when he does not bear the burden of proof at trial, requires him "to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. C.C.P. art. 966(D)(1). The opposing party's burden is to "produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

Appellate courts review a judgment granting or denying a motion for summary judgment *de novo*. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue as to material fact, and whether the mover is entitled to judgment as matter of law. *Dorsey v. Purvis Contracting Grp., LLC*, 17-369 (La. App. 5 Cir. 12/27/17), 236 So.3d 737, 741, *writ denied*, 18-199 (La. 3/23/18), 239 So.3d 296.

### *Bad Faith Damages and Penalties under La. R.S. 22:1973*

In her first assignment of error, Tonya alleges the trial court erred in failing to find that Transamerica violated La. R.S. 22:1973 and acted in bad faith when it failed to adjust the claim fairly and promptly and pay Tonya the proceeds of Jody's Policy within sixty days, rather than instituting the concursus procedure.[12]

---

[12] La. R.S. 22:1973 provides, in pertinent part:

   A. An insurer ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or his client, or both. Any insurer who breaches these duties shall be liable for damages sustained as a result of the breach.

   B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:

Further, Tonya argues the trial court erred in concluding that Transamerica had a valid reason to name Bruce, Jr. as a competing claimant to the proceeds of Jody's Policy, thereby justifying Transamerica's filing of a concursus proceeding, once it was notified that she was the named irrevocable beneficiary on the policy at the time of Jody's death. According to Tonya, Transamerica could not "legally open a concursus proceeding," because Bruce, Jr., who had never been named a beneficiary since the inception of Jody's Policy, did not qualify as a "valid competing claimant." Tonya further avers that, based on insurance industry standards, Transamerica had an affirmative duty to do a prompt and thorough investigation into the validity of Bruce, Jr.'s purported competing claim, rather than initiating a concursus proceeding and placing the onus on the court to be the referee and determine the proper claimant.

In response, Transamerica argues that, once notified of competing claims for the proceeds of Jody's Policy, and faced with written demands from both counsel for Tonya and counsel for Bruce, Jr. not to disburse the funds, it reasonably concluded that instituting a concursus proceeding was proper under the circumstances. In particular, Transamerica contends that Louisiana's concursus law only requires "persons having competing or conflicting claims," and does not require a prior determination as to whether a competing claim is "valid," before a concursus proceeding is available. We agree.

The Louisiana Code of Civil Procedure defines a concursus proceeding, in part, as "one in which two or more persons having completing or conflicting

---

(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.

***

(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

claims to money … are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding." La. C.C.P. art. 4651. Pursuant to La. C.C.P. art. 4652, those claimants that can be impleaded include:

> Persons having competing or conflicting claims may be impleaded in a concursus proceeding even though the person against whom the claims are asserted denies liability in whole or in part to any or all of the claimants, and whether or not their claims, or the titles on which the claims depend, have a common origin, or are identical or independent of each other.

The Louisiana Supreme Court has rejected the notion that there must be a "valid," competing claim in order for a concursus proceeding to properly be invoked, as the plaintiff-in-concursus has no duty to definitively determine whether a claimant has any chance of success in pursuing his claim. *Cimarex Energy Co. v. Mauboules*, 09-1170 (La. 4/9/10), 40 So.3d 931, 942. In *Cimarex*, the Supreme Court explained that the primary purpose of the concursus proceeding is to protect a stakeholder, *i.e.*, the plaintiff-in-concursus, "from multiple liability[13] from conflicting claims and from vexation attending involvement in multiple litigation in which [the] stakeholder may have no direct interest." *Id*. at 940 (citing *Landry & Passman Realty, Inc. v. Beadle, Swartwood, Wall & Associates, Inc.*, 303 So.2d 761, 763 (La. App. 1 Cir. 1974)). The Supreme Court also noted that concursus is proper not only to prevent multiple liability, but also to prevent multiple litigation, and therefore can be used by a party against whom multiple claims are asserted, even though liability on some or even all of the claims is denied. *Cimarex*, 40 So.3d at 940; *see also* Comment, La. C.C.P. art. 4562. Moreover, the language of La. C.C.P. art. 4652 provides that the use of the concursus proceeding is allowed even if the stakeholder denies that liability is owed to one or all of the claimants.

---

[13]    In other words, one of the purposes of concursus is to protect the stakeholder from exposure to double liability. In this case, it was to protect Transamerica from having to pay the death benefit under Jody's Policy twice—*i.e.*, to both competing beneficiaries—when only one death benefit was actually owed.

*Cimarex*, 40 So.3d at 940.[14]  The Supreme Court has further held that "[t]he use of concursus is not dependent on the merits of the adverse claim. ...[as] in almost all concursus proceedings, the claim of one of the parties will ultimately be found to be invalid." *Id*. at 942.  It is not the obligation of the stakeholder to reach that legal conclusion. *Id*.

In the instant case, it is undisputed that at the time Transamerica initiated the concursus proceeding, Bruce, Jr. and Tonya were each asserting separate claims to the death benefits owed under Jody's Policy.  To focus solely on the merits of Bruce, Jr.'s claim to the life insurance proceeds, as Tonya would have this Court do in order to defeat Transamerica's motion for summary judgment, is tantamount to focusing solely on the "multiple liability" purpose of concursus, and ignores altogether the "vexatious litigation" purpose.  *See Cimarex*, 40 So.3d at. 945.  Even assuming Bruce, Jr.'s claim was tenuous at best, requiring Transamerica to choose which claimant to pay would still have exposed it to the costs and risks of defending multiple suits.  *Id.*

Upon *de novo* review of the facts and circumstances of this case, especially in light of the correspondence sent separately to Transamerica by counsel for both parties, each directing Transamerica not to disburse the funds, we find that Transamerica was justified in its concern that if it paid the proceeds of Jody's Policy to Tonya, it would likely be faced with litigation by Bruce, Jr.  Thus, contrary to the assertions of Tonya that the concursus was unnecessary, we find that Transamerica's use of concursus to avoid such multiple litigation was proper. *See Principal Life Ins. Co. v. Chandler*, 2008 WL 696173, at *1 (E.D. La. Mar. 13, 2008).

---

[14]     Like the concursus proceeding, federal interpleader was designed to protect the stakeholder.  7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure*, § 1702, at 533 (2001).  This protection prevents a stakeholder from having to determine, at his peril, which claimant has the better claim.  *Id*. at 534.  And, even if the stakeholder denies liability to one or more of the claimants, he is still protected from having to defend multiple suits.  *Id.*

Under La. R.S. 22:1973, an insurer owes to its insured a duty of good faith and fair dealing, and has an affirmative duty to adjust claims fairly and promptly. Any insurer who breaches this duty shall be liable for any damages sustained as a result of the breach. La. R.S. 22:1973(A). An insurer is considered to have breached this duty when it fails to pay the amount of any claim due within sixty days after receipt of adequate proof of loss when such failure is arbitrary, capricious, or without probable cause. La. R.S. 22:1973(B)(5). In the instant case, having determined that Transamerica's initiation of the concursus proceeding was proper under the circumstances, we likewise find that Transamerica was not arbitrary, capricious, or without probable cause as it had a reasonable basis for not paying the proceeds of Jody's Policy to Tonya within the sixty-day period set forth in La. R.S. 22:1973. We think the trial court expressed it best in its well-reasoned oral reasons for judgment, when it stated:

> [I]f the action of the company was reasonable in any way, then that certainly doesn't amount to the company being in bad faith. Our Supreme Court has discussed the bad faith issue and has noted that vexatious refusal to pay means unjustified, without reasonable or probable cause or excuse. That's I think what I just stated about our court talking about reasonable cause, and there was reasonable cause for this company to believe that these claimants would be litigating and would subject them to having to make a decision which claimant was legally correct and they're not required to do that. In fact, that's what it seems to me our concursus law is all about.
>
> And as I think I mentioned before, whether the company's refusal to pay is arbitrary, capricious, or without probable cause hinges on the facts known to the insurer at the time of its refusal and to pay the claim. State another way, I can't sit here and use hindsight and judge Transamerica's actions and view them from this point in the year 2022. I have to look at their actions, as I said, based on the information that they had when the concursus was invoked. And I believe they had a reason to do so and it was reasonable for them to invoke the concursus.
>
> Our concursus laws give a company such as Transamerica the right to have this court decide which

claimant is truly entitled to the money placed in the
registry of the court.

Following *de novo* review, based on the undisputed facts and the existing laws and jurisprudence as applied to those facts, we find that Tonya cannot carry her burden of showing that, under La. R.S. 22:1973(B)(5), Transamerica was acting in bad faith at the time it invoked the concursus proceeding in lieu of paying the proceeds of Jody's Policy directly to Tonya.

### *Tonya's Claim for Bad Faith Penalties under La. R.S. 22:1973(B)(1)*

In her second assignment of error, Tonya alleges the trial court erred in failing to address whether Transamerica violated La. R.S. 22:1973(B)(1) by misrepresenting pertinent facts or insurance policy provisions to her relating to coverage under Jody's Policy.[15]  Tonya argues that under La. R.S. 22:1973(B)(1), an insurer can be held liable if it knowingly misrepresents or fails to disclose pertinent facts that are not related to the insurance policy's coverage.  *Kelly v. State Farm Fire & Cas. Co.*, 14-1921 (La. 5/5/15), 169 So.3d 328, 344.  A misrepresentation can occur when an insurer either makes untrue statements to an insured concerning pertinent policy provisions or fails to divulge pertinent facts to the insured.  *Dufrene v. Gautreau Family, LLC*, 07-467 (La. App. 5 Cir. 2/22/08), 980 So.2d 68, 85, *writs denied*, 08-629 (La. 5/9/08), 980 So.2d 694 and 08-628 (La. 5/9/08), 980 So.2d 698.

In support of her argument that Transamerica should be held liable under La. R.S. 22:1973(B)(1), Tonya avers that Transamerica withheld pertinent facts from her during the claims process and that it was "tantamount that [she] be made aware of Transamerica's position relating to Bruce, Jr.'s claim considering that she was the named beneficiary" of the proceeds to Jody's Policy.  According to Tonya, the information given to her was limited and provided in a single December 8, 2015

---

[15]     *See* Footnote 14, *supra*.

letter advising that Transamerica was considering Bruce, Jr. as a rival claimant, that Transamerica may interplead the funds, and that if Transamerica did so, it would seek payment of its attorney fees out of the policy proceeds. Further, Tonya contends that Transamerica failed to provide her with a copy of Jody's Policy, failed to inform her of its receipt of Jody's death certificate and the legal significance thereof, failed to communicate with her regarding Bruce, Jr.'s allegations, and failed to inform her that it knew Bruce, Jr. was not entitled to the proceeds of the Policy. Tonya contends that regardless of whether Transamerica acted in bad faith when it invoked the concursus proceeding, it violated La. R.S. 22:1973(B)(1) and should be held liable to her for misrepresenting pertinent policy provisions and pertinent facts.

In response, Transamerica contends that even though the trial court did not provide oral reasons for rejecting Tonya's alleged misrepresentation claim under La. R.S. 22:1973(B)(1), the trial court properly dismissed the claim because Transamerica made no misrepresentations to Tonya during the claims process relating to any coverages at issue. As to Tonya's contention that Transamerica misstated Louisiana law in its December 8, 2015 letter, thereby triggering La. R.S. 22:1973(B)(1) and bad faith penalties, when it advised that Transamerica intended to seek costs and legal fees if she and Bruce, Jr. were not able to reach an agreement concerning their rival claim and it was forced to interplead the policy proceeds, Transamerica denies this was a misstatement of the law. Specifically, Transamerica avers the letter was sent prior to its decision to interplead the funds, which action Transamerica contends it could have brought in either federal or state court. Under federal interpleader law, a district court has the authority to award costs, including reasonable attorney fees. *See Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 364-365 (5th Cir. 1983); *Perkins State Bank v. Connolly*, 632 F.2d 1306 (5th Cir. 1980). Thus, even though Transamerica opted

to pursue the interpleader action in state court, Transamerica argues doing so did not render the statement in its letter to Tonya false. Moreover, as the award of attorney fees and costs is discretionary, the letter did not state that the court would ultimately do so.

Regarding Tonya's allegation that Transamerica failed to communicate with her regarding the ongoing status of the claim, Transamerica avers that it was a neutral stakeholder and maintained no position relating to Bruce, Jr.'s claim to the proceeds of Jody's Policy (or to Bruce, Sr.'s Policy). Moreover, Transamerica argues that, despite Tonya's statement to the contrary, it did attempt to make contact with Tonya during the claims handling process, but did not hear back from her until the January 6, 2016 letter it received from Tonya's counsel.

After *de novo* review of the extensive record in this case, including the depositions and affidavits, and considering the totality of the circumstances at issue, we find the trial court did not err in granting Transamerica's motion for summary judgment, dismissing Tonya's claim for bad faith penalties under La. R.S. 22:1973(B)(1). We find no support for Tonya's contention that Transamerica failed to divulge pertinent policy provisions and/or pertinent facts about the claims process.

## CONCLUSION

For the foregoing reasons the trial court's September 22, 2022 judgment is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 29, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-138

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
GRETCHEN F. RICHARDS (APPELLEE)
KATE C. CASANOVA (APPELLANT)

RICHARD E. MCCORMACK (APPELLEE)
LEO M. PRANGE, III (APPELLANT)

JOHN E. SUDDERTH (APPELLANT)

**MAILED**
HONORABLE ROBERT J. BURNS,
JUDGE PRO TEMPORE (DISTRICT JUDGE)
JUDGE DIVISION "D"
24TH JUDICIAL DISTRICT COURT
4TH FLOOR, SUITE 4100
GRETNA, LA 70053

EDWARD W. TRAPOLIN (APPELLEE)
KELLY GAYLE JUNEAU ROOKARD
(APPELLEE)
ATTORNEY AT LAW
400 POYDRAS STREET
SUITE 2700
NEW ORLEANS, LA 70130